ROBBINS GELLER RUDMAN
  & DOWD LLP
NATHAN R. LINDELL (248668)
KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
nlindell@rgrdlaw.com
ksciarani@rgrdlaw.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KENNETH S. GROSSMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                                  Plaintiff,<br><br>     vs.<br><br>DAVID SIN, et al.,<br><br>                                  Defendants. | Case No. 2:23-cv-09501-SVW-MAA<br><br>CLASS ACTION<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE<br><br>DATE:     February 12, 2024<br>TIME:     1:30 p.m.<br>CTRM:     10A<br>JUDGE:   Hon. Stephen V. Wilson |

4867-9875-7279.v1

Plaintiff Kenneth S. Grossman ("Plaintiff") respectfully submits this opposition to Defendants' Request for Judicial Notice in Support of Motion of Defendants Rickman, Becker, and Karanth to Dismiss Complaint (ECF 34) ("RJN"). Specifically, Plaintiff objects to Exhibits 19-20 of the RJN.

## I.    Documents to Which Plaintiff Does Not Object

In connection with their motion to dismiss Plaintiff's Complaint for Violations of the Federal Securities Laws (ECF 1) (the "Complaint"), defendants Andrew Rickman, Mahesh Karanth, and Chad Becker (collectively, "Defendants") have moved for judicial notice of 23 separate exhibits.  Under the doctrine of incorporation by reference, Plaintiff does not object to judicial notice for the limited purpose of identifying the contents of the Securities and Exchange Commission ("SEC") filings and transcripts referenced in the Complaint.  *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) ("doctrine of incorporation by reference . . . 'permits a district court to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions"'") (citation omitted).  Plaintiff also has no objection to judicial notice of the existence and contents of the other SEC filings, Federal Register publications, and news media attached to the RJN, but Plaintiff does object to any attempt by Defendants to ask the Court to accept the truth of matters asserted in such documents for the purpose of resolving disputed facts in Defendants' favor at the pleadings stage.  *See Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) ("[W]hile it may be appropriate to judicially notice the existence of SEC filings and their contents, judicial notice should not be taken of the truth of their contents."); *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) ("[W]e may not, on the basis of [judicially noticeable] reports, draw inferences or take notice of facts that might reasonably be disputed.").

- 1 -

4867-9875-7279.v1

## II.      Plaintiff's Objections to Exhibits 19-20 of the RJN

Plaintiff, however, does oppose Defendants' request that the Court judicially notice documents submitted in connection with Plaintiff's March 2023 objection to the plan of reorganization in the Rockley bankruptcy proceedings.  *See In re Rockley Photonics Holdings Ltd.*, No. 23-10081, ECF 83, 100 (Bankr. S.D.N.Y.), attached as Exhibits 19-20 to RJN (ECF 34-10 at 2558-941).  Because Defendants seek to use the truth of the matters asserted within these documents to dispute facts alleged in the Complaint, their request for judicial notice should be denied.

The Ninth Circuit has criticized the practice of "submitting documents not mentioned in the complaint to create a defense," noting

> [it] is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts.

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018); *see also HsingChing Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1282-83 (C.D. Cal. 2016) (describing how the expansion of requests for judicial notice at the motion to dismiss stage is a "particularly troubling" "trend").  The Ninth Circuit has further cautioned that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d 9 at 1003.

Here, Defendants attempt to use the documents submitted in connection with Plaintiff's bankruptcy objection to dispute Plaintiff's allegations in this case.  For example, Defendants attempt to cite to these documents to: (1) dispute Plaintiff's allegations that Rockley was "overvalued" during the Class Period; (2) challenge the veracity of Plaintiff's allegations; (3) suggest that Defendants' misstatements did not inflate the price of Rockley shares; and (4) suggest that Plaintiff believed Rockley

- 2 -

would have "operating losses" regardless of the alleged misstatements.  Motion of Defendants Rickman, Becker and Karanth to Dismiss Complaint; and Supporting Memorandum (ECF 33) at 3-4.  Such use of documents goes well beyond the permissible use of judicially noticeable court filings, which are limited to establishing the "'existence and legal effect of the documents submitted.'"  *Shapiro v. Hasbro, Inc.*, 2015 WL 13357442, at *3 (C.D. Cal. Sept. 24, 2015), *aff'd* 653 F. App'x 568 (9th Cir. 2016) (citation omitted).

Defendants' RJN is also inappropriate because it does not comply with Federal Rule of Evidence 201, which permits a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The RJN should be denied as to Exhibits 19-20 because it refers the Court to "disputed facts contained in such public records."  *See Khoja*, 899 F.3d at 999.  Because the whole point of filing an objection to a plan of reorganization is to put disputed facts into the record, the contents of such records should not be judicially noticed for the truth of the matters asserted therein.  In addition, the RJN requests incorporation of a document containing materials that are not "generally known," as portions of Plaintiff's filings are redacted (*e.g.*, ECF 34-10 at 2581-82), and Exhibits G, H, and I (*id.* at 2918-20) were filed under seal; thus, the full context of Plaintiff's objection was never public record.

For the reasons stated above, Plaintiff respectfully requests the Court deny Defendants' RJN with respect to Exhibits 19-20.

DATED: January 22, 2024

ROBBINS GELLER RUDMAN & DOWD LLP
NATHAN R. LINDELL
KEVIN S. SCIARANI

s/ Nathan R. Lindell
NATHAN R. LINDELL

- 3 -

4867-9875-7279.v1

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
nlindell@rgrdlaw.com
ksciarani@rgrdlaw.com

Counsel for Plaintiff

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Kenneth S. Grossman, certifies that this brief contains 912 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 22, 2024

s/ Nathan R. Lindell
NATHAN R. LINDELL

- 4 -

4867-9875-7279.v1