PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON (76342)
bruce.ericson@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:  415.983.1000
Facsimile:  415.983.1200

PILLSBURY WINTHROP SHAW PITTMAN LLP
ARI M. BERMAN (Pro hac vice)
ari.berman@pillsburylaw.com
31 West 52nd Street
New York, NY 10019-6131
Telephone:  212.858.1000
Facsimile:   212.858.1500

Attorneys for Defendants
Andrew Rickman, Mahesh Karanth
and Chad Becker

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KENNETH S. GROSSMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID SIN, ANGELO JOHN COLOMA, ANDREW RICKMAN, MAHESH KARANTH, CHAD BECKER, SC HEALTH HOLDINGS LIMITED, SC HEALTH GROUP LIMITED, and SIN CAPITAL GROUP PTE. LTD., <br><br> Defendants. | Case No. 2:23-cv-09501-SVW-MAA <br><br> CLASS ACTION <br><br> **REPLY IN SUPPORT OF RICKMAN, BECKER, AND KARANTH'S REQUEST FOR JUDICIAL NOTICE** <br><br> Date: February 12, 2024 <br> Time: 1:30 p.m. <br> Courtroom: 10A, 350 West First St. |

Defendants Andrew Rickman, Mahesh Karanth, and Chad Becker ("Rickman," "Karanth," "Becker" and, collectively, the "Rockley Defendants") respectfully submit this Reply to Plaintiff's Opposition to Rockley Defendants' Request for Judicial Notice, ECF 47.

**A.    Nobody objects to judicially noticing Exhibits 1-18 and 21-23**

Plaintiff does not object to the judicial notice of Exhibits 1-18 and 21-23. *See* ECF 47, at 1:6-26. The judicial notice of these documents is proper.

Plaintiff notes (*see* ECF 46, at 22 n.6), and the Rockley Defendants agree, that the Rockley Defendants inadvertently attached the incorrect Form 8-K and corresponding press release as Exhibit 15 to their Request for Judicial Notice. *See* RJN Ex. 15, at 2522. The Rockley Defendants apologize for the mistake and hereby submit as Exhibit 1 to this Reply the correct Form 8-K and corresponding press release.

**B.    Exhibits 19-20 are not being offered for the truth of the matter asserted**

Plaintiff objects to the judicial notice of Exhibits 19-20 on the ground that these documents are being offered for the truth of the matter asserted. ECF 47, at 2:2-22. But that is not the basis on which these exhibits are being offered.

Exhibits 19 and 20 are documents that were filed in the bankruptcy proceedings in *In re Rockley Photonics Holdings Limited,* Case No. 23-10081 (LGB) (Bankr. S.D.N.Y.). In the Ninth Circuit, courts may take judicial notice of "court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006). Filings in litigation, including bankruptcy proceedings, are the proper subject of judicial notice as they are "public document[s] whose accuracy is not subject to reasonable dispute." *See Fid. Nat'l Title Co. v. U.S. Small Bus. Admin.*, No. 2:13-CV-02030-KJM-AC, 2015 WL 7077407, at *3 (E.D. Cal. Nov. 13, 2015) (citing Fed. R. Evid. 201(b)). Plaintiff does not dispute that Exhibits 19 and 20 were filed in the bankruptcy proceedings, nor do they dispute the authenticity of those documents – or that they accurately reflect statements and arguments that

Mr. Grossman and his counsel made to the bankruptcy court.

The Rockley Defendants do not seek to use these documents for the truth of the matters asserted in them.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).  The Rockley Defendants ask the Court to take judicial notice of the fact that Mr. Grossman made certain statements in the bankruptcy proceedings, *not* that his statements were true or false.  The only point being made is that Mr. Grossman's statements to the bankruptcy court are diametrically opposed to his statements to this Court.  Pointing out that inconsistency is no different than pointing out when a pleading's allegations about a document are contradicted by the text of the document itself – something commonly done in motions to dismiss and approved by the Ninth Circuit, which has held that "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *cited with approval in Carroll v. State of California*, No. 2:18-cv-01832-SVW-JC, 2022 WL 2785777, at *3 (C.D. Cal. July 14, 2022).

Exhibits 19 and 20 are appropriate for judicial notice as matters of public record not reasonably subject to dispute, not disputed, and not offered for the truth of the matter asserted.  Accordingly, the Rockley Defendants ask that this Court grant the Rockley Defendants' request for judicial notice in its entirety.

Dated: January 29, 2023     PILLSBURY WINTHROP SHAW PITTMAN LLP

_____
Bruce A. Ericson
A Member of Pillsbury Winthrop Shaw Pittman LLP
Attorneys for Defendants Andrew Rickman, Mahesh Karanth and Chad Becker