PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON (76342)
bruce.ericson@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:   415.983.1000
Facsimile:   415.983.1200

PILLSBURY WINTHROP SHAW PITTMAN LLP
ARI M. BERMAN (Pro hac vice)
ari.berman@pillsburylaw.com
31 West 52nd Street
New York, NY 10019-6131
Telephone:   212.858.1000
Facsimile:   212.858.1500

Attorneys for Defendants Andrew Rickman,
Mahesh Karanth and Richard Meier

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KENNETH S. GROSSMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID SIN, ANGELO JOHN COLOMA, ANDREW RICKMAN, MAHESH KARANTH, RICHARD MEIER, and SIN CAPITAL GROUP PTE. LTD.,<br><br>Defendants. | Case No. 2:23-cv-09501-MRA-MAA<br><br>CLASS ACTION<br><br>**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE OF DEFENDANTS RICKMAN, KARANTH, AND MEIER**<br><br>Date:         May 30, 2024<br>Time:         1:30 p.m.<br>Courtroom:   10B |

Defendants Andrew Rickman, Mahesh Karanth, and Chad Becker ("Rickman," "Karanth," "Becker" and, collectively, the "Rockley Defendants") respectfully submit this Reply to Plaintiff's Opposition to Rockley Defendants' Request for Judicial Notice ("RJN"), ECF 68.

**A.    Plaintiffs' counsel previously agreed to the judicial notice of Exhibits 1-3, 5-8, 10-12, 15-16, 18, and 20-24**

Plaintiffs surprisingly object to documents that their counsel previously agreed were the proper subject of judicial notice.  The Opposition to Defendants' initial Request for Judicial Notice, filed with Defendants' Motion to Dismiss the initial Complaint, did not object to the documents now set forth as Exhibits 1-3, 5-8, 10-12, 15-16, 18, and 20-24.  *See* ECF 47, at 1:5-26.  That Opposition objected only to the judicial notice of certain bankruptcy filings, none of which are included as exhibits to this RJN.  *See* ECF 47, at 2:2-22.  As previously recognized by Plaintiffs' counsel, the judicial notice of these documents is proper.

**B.    The fact that the SEC filings are lengthy does not affect the applicability of judicial notice**

Plaintiffs argue that the Rockley Defendants improperly request an "*en masse*" use of judicial notice and fail to identify specific matters of which they seek judicial notice.  ECF 68, at 1:14-2:5, 4:9-21.  Neither point is well-taken.

**Providing full copies of cited documents:**  Lest they be accused of cherry-picking, and in line with Rule 106 of the Federal Rules of Evidence, the Rockley Defendants submitted full and complete versions of the documents containing the matters they would like the Court to judicially notice.  The Rockley Defendants did not seek to "shoehorn" thousands of pages of extraneous material into the motion; rather, they identified specific matters from the judicially noticeable documents in the motion, and then provided the Court with the complete documents.  In any event, this Request for Judicial Notice is 352 pages shorter than the previous one to which Plaintiffs' counsel in large part did not object.

**Specification of matters to be noticed with pin cites:** The Rockley Defendants' moving papers (ECF 64) and their reply (filed herewith) both specify the matters that they request the Court judicially notice, and provide pin cites to the specific pages in the documents containing the disclosures they wish to draw to the Court's attention.  In line with the Ninth Circuit's instruction that "A court must also consider – and identify – which fact or facts it is noticing from such a [document]," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), the Rockley Defendants included pin cites to pages that included the relevant judicially noticeable disclosures.  ECF 64, at 4:4-22; 5:6-10; 5:27-6:2; 7:5-10, 23-26; 8:1-3, 11-12, 25-27; 10:21-11:19; 13:17-27; 14:10-14; 14:27-15:4; 15:21-22; 16:5-9; and 18:14, 23-28; Reply at 2:21-27; 3:1-2; 3:9-13; 5:6-9, 10-23; 6:9-12; 8:7-10; 10:5-9; 14:11-16; 15:13-15.

**Exhibit containing just the cited pages:**  In case the Court would find it convenient to have a set of only the particular pages cited, the Rockley Defendants are providing in **Exhibit A** to this Reply a set of just the pages in the RJN cited either by the Rockley Defendants or by Plaintiffs.  Each page lists in the lower right-hand corner the exhibit number and (consistent with Local Rule 11-3.3) the consecutive pagination, so that easy reference can be made to the full set filed with the Request for Judicial Notice (ECF 65 through 65-27).

**C.    All documents are subject to judicial notice, even if incorporation by reference is not applicable**

Plaintiffs argue that certain documents – Exhibits 1, 4, 5, 15, and 23 – identified in the Request for Judicial Notice as incorporated by reference into the Amended Complaint are not actually incorporated by reference because they are not referred to "extensively" in the Amended Complaint.  ECF 68, at 3:22-4:8.  But that really does not matter, because these documents are also the proper subject of judicial notice, as the Rockley Defendants argued in their Request for Judicial Notice.  *See* ECF 65, at 2:1-21.  These documents are thus judicially noticeable even if referred to less than "extensively" in the Amended Complaint.

-2-

**D.    Plaintiffs do not question the authenticity or accuracy of any of the Exhibits**

The incorporation by reference doctrine allows the Court to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotation marks and citations omitted) (alteration in original); *see In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). Plaintiffs do not question the authenticity or accuracy of Exhibits 1, 3-5, 7, 9, 12-26 all of which were referenced by Plaintiffs in the Amended Complaint ("AC"). *See* (AC ¶ 73), 3 (AC ¶¶ 123-129), 4 (AC ¶ 53), 5 (AC ¶ 132), 7 (AC ¶¶ 132-137), 9 (AC ¶¶ 140-144), 12 (AC ¶ 145), 13 (AC ¶ 146), 14 (AC ¶¶ 145-151), 15 (AC ¶ 158), 16 (AC ¶¶ 81, 158-159, 235), 17 (AC ¶ 169), 18 (AC ¶¶ 172-173), 20 (AC ¶ 174), 20 (AC ¶ 176), 21 (AC ¶¶ 177, 178), 22 (AC ¶¶ 179, 188), 23 (AC ¶ 220), 24 (AC ¶190, 239), 25 (AC ¶¶ 191-197), and 26 (AC ¶ 242). Plaintiffs do not contest or question the authenticity or accuracy of Exhibits 1, 3-5, 7, 9, 12-26, or of any of the Exhibits offered for judicial notice, and therefore they are appropriate for judicial notice under the incorporation by reference doctrine.

**E.    Exhibits 1, 5, 6, 7, 8, 10, 11, 12, 15, 16, and 22 are not being offered for the truth of the matter asserted**

Plaintiffs object to the judicial notice of Exhibits 1, 5, 6, 7, 8, 10, 11, 12, 15, 16, and 22 on the ground that these documents are being offered for the truth of the matter asserted. ECF 68, at 4:22-8:15. But that is not the basis on which these exhibits are being offered. They are not being offered for the truth of matters asserted in them but to show that certain disclosures were made. This is a well-established basis for taking judicial notice of documents offered in support of motions to dismiss complaints under the PSLRA. *E.g., Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009); *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1185 (9th Cir. 2021).

**Exhibits 5, 7, 8, 10-12, 16, and 22 – SEC Filings**. The Rockley Defendants do not seek to use these documents for the truth of the matters asserted in them. *See Khoja*

*v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).  Specifically, for Exhibits 5, 7, 8, 10-12, 16, and 22, the Rockley Defendants ask the Court to take judicial notice of the fact that the Rockley Defendants made certain statements in its SEC filings, *not* that the statements were true or false.  "Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case."  *In re Extreme Networks, Inc. S'holder Derivative Litig.,* 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008) (collecting cases); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (approving of court's review of SEC filings on motion to dismiss); *Dreiling v. Am. Exp. Co.,* 458 F.3d 942, 946 n.2 (9th Cir. 2006) (holding that district courts may consider "any matter subject to judicial notice, such as SEC filings").  The Rockley Defendants point to these documents to demonstrate that Rockley included disclosures and cautionary language in their SEC filings that are contrary to Plaintiffs' allegations.  Pointing out that inconsistency is no different than pointing out when a pleading's allegations about a document are contradicted by the text of the document itself – something commonly done in motions to dismiss and approved by the Ninth Circuit, which in oft-quoted language held that "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

**Exhibit 1 and 15 – Publications of the Federal Register.** "[T]he contents of the Federal Register shall be judicially noticed . . . ." 44 U.S.C. § 1507; *see U.S. v. Woods*, 335 F.3d 993, 1001 (9th Cir. 2003) (citing 44 U.S.C. § 1507 and taking judicial notice of the Federal Register).  The Rockley Defendants cite to these Federal Register documents to demonstrate that certain entities were placed on the U.S. Department of Commerce Bureau of Industry and Security Banned Entity List, as published in the Federal Register.  Plaintiffs do not dispute that the exhibits are true and correct copies.  Exhibits 1 and 15 are subject to judicial notice because they are contents of the Federal

-4-

Register, are not reasonably subject to dispute and are not disputed.

**Exhibit 6 – Newspaper Article.** Plaintiffs do not question the authenticity of Exhibit 6. "[A] court may take judicial notice of publicly available newspaper and magazine articles and web pages that indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1002 (N.D. Cal. 2020) (quoting *Tarantino v. Gawker Media, LLC*, No. CV 14-603-JFW-FFMx, 2014 WL 2434647, at *1 (C.D. Cal. Apr. 22, 2014)); *see also Bruce v. Chaiken*, No. 2:15-CV-00960-TLN-KJN, 2019 WL 645044, at *1 (E.D. Cal. Feb. 15, 2019) ("While [a court] may take judicial notice of the fact that the internet, Wikipedia, and journal articles are available to the public, it may not take judicial notice of the truth of the matters asserted therein."). Exhibit 6 is a publicly available news article. The Rockley Defendants do not ask the Court to assume the truth of this article's contents, but instead that this article demonstrates what was in the public realm at the time.

**F.    Conclusion**

Exhibits 1-26 are appropriate for judicial notice as SEC filings, newspaper articles, and the Federal Register documents that are not reasonably subject to dispute, not disputed, and not offered for the truth of the matter asserted. Accordingly, the Rockley Defendants ask that this Court grant the Rockley Defendants' request for judicial notice in its entirety.

Dated: April 24, 2024          PILLSBURY WINTHROP SHAW PITTMAN LLP

*Bruce A. Ericson*

_____
Bruce A. Ericson
A Member of Pillsbury Winthrop Shaw Pittman LLP
Attorneys for Defendants Andrew Rickman,
Mahesh Karanth and Richard Meier