ROBBINS GELLER RUDMAN
  & DOWD LLP
NATHAN R. LINDELL (248668)
KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
nlindell@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KENNETH S. GROSSMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID SIN, et al., <br><br> Defendants. | Case No. 2:23-cv-09501-MRA-MAA <br><br> CLASS ACTION <br><br> LEAD PLAINTIFFS' RESPONSE TO DEFENDANT COLOMA'S REQUEST FOR JUDICIAL NOTICE |

4877-4800-6132.v1

Lead Plaintiffs Jonathan Lottner and Federico Huergo ("Plaintiffs") respectfully submit this memorandum in response to defendant Coloma's request for judicial notice ("RJN") (ECF 85), which was filed in support of Coloma's motion to dismiss the Complaint ("Motion") (ECF 84).[1]  Generally speaking, Plaintiffs agree that the documents attached to the RJN may be considered for limited purposes pursuant to judicial notice and/or the incorporation-by-reference doctrine.  Plaintiffs, however, object to Coloma's improper attempts to use such documents for the purpose of disputing facts alleged in the Complaint and asking the Court to draw factual inferences in his favor.

As the Ninth Circuit has recognized, "it is improper to assume the truth of an incorporated document *if such assumptions only serve to dispute facts stated in a well-pleaded complaint*."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018); *see also id.* ("'At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.'").  Moreover, although "'[a] court may take judicial notice of matters of public record,'" it "*cannot take judicial notice of disputed facts contained in such public records*."  *Id.* at 999.  The Ninth Circuit has further noted that failure to adhere to these limitations is part of a "*concerning pattern in securities cases like this one*," because "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery," and "[t]his risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access."  *Id.* at 998.

[1]  Unless otherwise noted herein: all capitalized terms have the same meanings as defined in the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") (ECF 56); all "¶_" or "¶¶_" references are to the Complaint; all references to "Exhibits" or "Exs." are to exhibits attached to the RJN; all emphasis is added; and citations and footnotes are omitted.

- 1 -

In his Motion, Coloma attempts to exceed the above limitations by seeking to use materials attached to his RJN for the improper purpose of disputing facts alleged in the Complaint and asking the Court to draw factual inferences in his favor.

For example, the Motion cites to two Exhibits (Exs. 3 and 5), which are not cited anywhere in the Complaint, in support of his assertions that: (i) "SCH relied on **Rockley** to provide both its historical revenue data and projected revenues"; and (ii) "SCH (and Coloma) relied on Rockley to provide information about its customer relationships and how that factored into revenue projections."  Motion at 16, 27 (emphasis original); *see also id.* at 29.  These assertions improperly attempt to dispute the Complaint's factual allegations that Coloma conducted his own "thorough due diligence" of Rockley – which included, among other things, "interviews of customers and suppliers, inspection of facilities, [and] review of financial, operational, legal and other information" – by contending that Coloma instead blindly relied upon information provided by Rockley.  *See* ¶¶42, 230; *see also Khoja*, 899 F.3d at 998-99.  Moreover, the inferences Coloma asks the Court to draw from these Exhibits are improper for the additional reason that, contrary to Coloma's assertions, the cited pages from the Exhibits do not specifically state that SCH or Coloma "relied" on anything.  *See* Ex. 3 at 59; Ex. 5 at 858.  In addition, the inferences requested by Coloma are directly contradicted by factual assertions in another Exhibit he contends should be incorporated by reference (Ex. 4), which establishes, consistent with the Complaint's allegations, that:

> [A]s part of SC Health's ongoing due diligence efforts, SC Health conducted a virtual lab tour of Rockley's facilities and several third-party interviews of Rockley's customers, suppliers, and existing investors, and non-affiliated silicon photonics industry experts.  SC Health also engaged a third-party silicon photonics industry expert with over 20 years of experience at photonics companies to conduct in depth

- 2 -

4877-4800-6132.v1

technical diligence of Rockley's patents, IP portfolio, and in-house engineering capabilities.

Ex. 4 at 216.

Coloma also relies on Exhibit 4 to support his contention that SC Health "was part of a working group of professionals who all received the same due diligence information." Motion at 26 (citing Ex. 4 at 214-217). Coloma's reliance on Exhibit 4 should be rejected to the extent it is intended to dispute the Complaint's allegations that Coloma's due diligence provided him access to, and direct knowledge of, the allegedly misrepresented and omitted facts. *See* ¶230; *see also Khoja*, 899 F.3d at 1003; ECF 86 at 20 n.8. Moreover, Coloma's requested factual inference is contradicted by the quoted language above detailing the specific due diligence efforts undertaken by SC Health. *See* Ex. 4 at 216.

Additionally, the Motion relies on Exhibit 4 to support Coloma's contention that "Rockley's historical financial information was audited by Ernst & Young for 2019 and 2020, whose April 2, 2021 opinion letter was included in the Form S-4 Registration Statement filed on the same date." Motion at 16, 29 (citing Ex. 4 at 358, 363). Coloma's reliance on Exhibit 4 should be rejected to the extent it is intended to dispute the Complaint's allegations that Rockley's revenue projections had no basis in fact. *See, e.g.*, ¶¶131(b), 138(b); *see also Khoja*, 899 F.3d at 1003. In addition, Coloma's purported reliance on Ernst & Young is irrelevant to Plaintiffs' claims regarding Rockley's revenue projections, as another Exhibit submitted by Coloma establishes that Ernst & Young did not "stud[y], review[], compile[] or perform[] procedures with respect to [Rockley's] projections." Ex. 2 at 14.

For the foregoing reasons, Plaintiffs respectfully request that the Court reject Coloma's attempts to use judicial notice and the incorporation-by-reference doctrine

- 3 -

4877-4800-6132.v1

for the improper purpose of disputing facts alleged in the Complaint and asking the Court to draw factual inferences in his favor.

DATED:  October 31, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
NATHAN R. LINDELL
KEVIN S. SCIARANI


s/ NATHAN R. LINDELL
NATHAN R. LINDELL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
nlindell@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiffs


**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Lead Plaintiffs Jonathan Lottner and Federico Huergo, certifies that this brief contains 981 words, which complies with the word limit of L.R. 11-6.1.

DATED:  October 31, 2024

s/ NATHAN R. LINDELL
NATHAN R. LINDELL

- 4 -

4877-4800-6132.v1