**HOLMES, ATHEY, COWAN & MERMELSTEIN LLP**
Mark Mermelstein (SBN: 208055)
    mmermelstein@holmesathey.com
Joel Athey (SBN: 214399)
    joel.athey@holmesathey.com
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017
Tel:  (213) 985-2200
Fax: (213) 973-6282

*Attorneys for Defendant*

ANGELO COLOMA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH S. GROSSMAN, Individually and on Behalf of All Others Similarly Situated<br><br>          Plaintiff,<br><br>     vs.<br><br>DAVID SIN; ANGELO JOHN COLOMA, ANDREW RICKMAN, MAHESH KARANTH, RICHARD MEIER, and SIN CAPITAL GROUP PTE. LTD.<br><br>          Defendants. | Case No. 2:23-cv-09501-MRA (MAAx)<br><br>CLASS ACTION<br><br>**REPLY IN SUPPORT OF ANGELO COLOMA'S REQUEST FOR JUDICIAL NOTICE** |

1
REPLY IN SUPPORT OF ANGELO COLOMA'S REQUEST FOR JUDICIAL NOTICE

Defendant Angelo Coloma filed a Request for Judicial Notice ("RJN") in support of his Motion to Dismiss (the "Motion). ECF 85. Plaintiffs filed a curious document entitled "Response to Defendant Coloma's Request for Judicial Notice" (the "Response"). ECF 88. This Response does not oppose the RJN or argue that the Court should deny the RJN as to any of the seven exhibits. In fact, it says, "[g]enerally speaking, Plaintiffs agree that the documents attached to the RJN may be considered for limited purposes pursuant to judicial notice and/or the incorporation-by-reference doctrine." ECF 88, 1:4-6. That should be the end of the matter. But the Response goes on to informally "object" to how it claims Coloma uses the RJN exhibits in the Motion and argues that the Court should curtail Coloma from referencing information in the exhibits in order to argue the Motion. *Id.*, 1:7-9.

It is unclear whether the Response requires a formal response of its own. The Response is not styled as an Opposition or Objections. It is simply a "Response." The Court hardly needs pointers from the parties about what is and is not judicially noticeable. So the Response seems to be nothing more than a way for Plaintiffs to exceed word-count limits by making further arguments in an adjacent document. Regardless, Plaintiffs are in no position to cry foul for two reasons.

**First**, while the AC did not attach <u>any</u> SC Health Corporation ("SCH") or Rockley Photonics securities filings as exhibits, it liberally referenced and quoted from many of them. "On a motion to dismiss, [the District Court] may consider materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). "We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Id.* The AC cites, quotes from, or incorporates by reference most of the RJN exhibits as follows:

REPLY IN SUPPORT OF ANGELO COLOMA'S REQUEST FOR JUDICIAL NOTICE

➢ ECF 85-1 -- A March 19, 2021 press release filed as Exhibit 99.1 to SCH's Form 8-K ("Press Release). First, the AC states that "Lead Plaintiffs' information and belief is based upon the ongoing investigation conducted by and through Lead Plaintiffs' counsel, which has included, among other things, review and analysis of: (i) U.S. Securities and Exchange Commission ("SEC") filings by [SCH] and/or [Rockley]; (ii) *press releases* and other publications disseminated by SC Health and/or Rockley . . . ." *See* AC, Preface. Second, the AC specifically references or quotes from the Press Release. *See* AC, ¶¶ 5, 122.

➢ ECF Exhibit 85-2 -- A March 19, 2021 slide deck filed as Exhibit 99.3 to SCH's Form 8-K ("Investor Presentation"). First, the AC states that "Lead Plaintiffs' information and belief is based upon the ongoing investigation conducted by and through Lead Plaintiffs' counsel, which has included, among other things, review and analysis of: (i) U.S. Securities and Exchange Commission ("SEC") filings by [SCH] and/or [Rockley]; (ii) *press releases* and other publications disseminated by SC Health and/or Rockley; (iii) other public statements issued or made by or about SC Health and/or Rockley, including during conference calls, investor conferences, media interviews, or other public events  . . . ." *See* AC, Preface. Second, the AC specifically references or quotes from the Investor Presentation (including by incorporating certain charts and graphs). *See* AC, ¶¶ 123-25 & 127.

➢ ECF Exhibit 85-4 -- An April 2, 2021 Form S-4 filed by Rockley Photonics Holdings Limited ("Form S-4"). First, the AC states that "Lead Plaintiffs' information and belief is based upon the ongoing investigation conducted by and through Lead Plaintiffs' counsel, which has included, among other things, review and analysis of: (i) U.S. Securities and Exchange Commission ("SEC") filings by [SCH] and/or [Rockley]. . . ." *See* AC, Preface. Second, the AC specifically references the Form S-4. *See* AC, ¶¶ 132.

REPLY IN SUPPORT OF ANGELO COLOMA'S REQUEST FOR JUDICIAL NOTICE

➢ ECF 85-6 -- the July 22, 2021 Form 424B3 Prospectus/Proxy Statement filed by Rockley ("Proxy Statement").  First, the AC states that "Lead Plaintiffs' information and belief is based upon the ongoing investigation conducted by and through Lead Plaintiffs' counsel, which has included, among other things, review and analysis of: (i) U.S. Securities and Exchange Commission ("SEC") filings by [SCH] and/or [Rockley]. . . ."  See AC, Preface.  Second, the AC specifically references or quotes from (including by incorporating certain charts and graphs) the Proxy Statement.  See AC, ¶¶ 45, 51, 55, 88, 132-38.

➢ ECF 85-3, 5 & 7 -- while not specifically referenced, the AC does state that it reviewed **all** SCH and Rockley securities filings, so they should also be considered incorporated by reference.

Pursuant to the "incorporation by reference" doctrine, Coloma may reference and cite to statements in ECF 85-1 to 85-7[1], and any implied objection by Plaintiffs in the Response should be overruled.

**Second**, Plaintiffs liberally utilize extraneous documents in their Opposition to Coloma's Motion to Dismiss.  The main thrust of the Motion is that the AC only identified a single statement by Coloma as a material misrepresentation.  The Opposition went beyond the four corners of the AC to identify a number of other statements from various securities filings that were either allegedly made by Coloma or that Plaintiffs now want to attribute to him as follows:

➢ ECF 65-3 (Investor Call) -- referenced and quoted by Plaintiffs in the Opposition at ECF 86, pp 1:12-14, 4:27-5:5, 5:21-6:9.

---

[1] The AC also liberally references and quotes from the transcript of a March 19, 2021 investor call that Coloma participated in (the "Investor Call"), which was filed as Exhibit 99.2 of SCH's Form 8-K.  See AC, ¶¶ 5-6, 34.  The Rockley Defendants filed an RJN as to that document.  See ECF 65-3.  For the same reasons stated herein, the RJN as to ECF 65-3 should be granted and any objections Plaintiffs have to the Court considering statements from the Investor Call should be overruled.

REPLY IN SUPPORT OF ANGELO COLOMA'S REQUEST FOR JUDICIAL NOTICE

➢ <u>ECF 85-1 (Press Release)</u> -- referenced and quoted by Plaintiffs in the Opposition at ECF 86, pp 4:27-5:5, 5:10-20, FN2.

➢ <u>ECF 85-2 (Investor Presentation)</u> -- referenced and quoted by Plaintiffs in the Opposition at ECF 86, pp 5:2-5, 6:10-7:2, FN3, 7:26-8:3, 8:16-17, 11:12-15, 12:13:11.

➢ <u>ECF 85-4 (Form S-4)</u> -- referenced and quoted by Plaintiffs in the Opposition at ECF 86, pp 9:21-26, 16:4-12, 19:14-19.

➢ <u>ECF 85-6 (Proxy Statement)</u> -- referenced and quoted by Plaintiffs in the Opposition at ECF 86, pp 8:10-9:3, 11:15-18, 12:13-13:6, 13:12-15.

The point is that Plaintiffs went hunting for all sorts of comments in a variety of securities filings and other sources outside the AC in order to oppose the Motion. And they picked and chose whatever facts they wanted from those filings to make their arguments. So it is hard to understand why Plaintiffs now claim Coloma cannot do the same. It is respectfully submitted that the Court should disregard the Response and grant the RJN as to all exhibits.

Dated:  December 2, 2024

HOLMES, ATHEY, COWAN & MERMELSTEIN LLP

By: /s/ Joel M. Athey
 Joel M. Athey

*Attorneys for Defendant*
Angelo Coloma

REPLY IN SUPPORT OF ANGELO COLOMA'S REQUEST FOR JUDICIAL NOTICE