1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  STEVEN W. PEPICH (116086)
    THOMAS E. EGLER (189871)
3  NATHAN R. LINDELL (248668)
    KEVIN S. SCIARANI (301411)
4  655 West Broadway, Suite 1900
    San Diego, CA  92101
5  Telephone:  619/231-1058
    619/231-7423 (fax)
6  stevep@rgrdlaw.com
    tome@rgrdlaw.com
7  nlindell@rgrdlaw.com
    ksciarani@rgrdlaw.com
8
    Lead Counsel for Lead Plaintiffs
9
                UNITED STATES DISTRICT COURT
10
                CENTRAL DISTRICT OF CALIFORNIA
11

12
    KENNETH S. GROSSMAN,               )  Case No. 2:23-cv-09501-MRA-MAA
13  Individually and on Behalf of All Others )
    Similarly Situated,                )  CLASS ACTION
14                                      )
                      Plaintiff,        )  STIPULATION OF SETTLEMENT
15                                      )
            vs.                         )
16                                      )
    DAVID SIN, et al.,                  )
17                                      )
                      Defendants.       )
18  _____    )

19

20

21

22

23

24

25

26

27

28

4904-0528-1412.v6

1    This Stipulation of Settlement, dated January 20, 2026 (the "Stipulation"), is
2    made and entered into by and among: (i) lead plaintiffs Jonathan Lottner ("Lottner"),
3    individually and as owner of Munsel Limited and indirect beneficial owner of
4    Cosmos Investment Assets Limited, and Federico Huergo ("Huergo"), individually
5    and as owner of Lensis Group Limited and Zenalia Investment Corp. and as director
6    of Fitz Investment Limited ("Lead Plaintiffs" or "Plaintiffs") (on behalf of
7    themselves and each of the Class Members), by and through their counsel of record
8    in the Litigation (as defined herein); and (ii) defendants Andrew Rickman, Mahesh
9    Karanth, and Richard Meier ("Defendants," and collectively with Lead Plaintiffs,
10   the "Settling Parties"), by and through their counsel of record in the Litigation.  The
11   Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the
12   Released Plaintiffs' Claims and Released Defendants' Claims (as defined herein),
13   subject to the approval of the Court and the terms and conditions set forth in this
14   Stipulation.

## I.    THE LITIGATION

16       The initial complaint in the Litigation was filed on November 9, 2023.  On
17   February 13, 2024, the Court appointed Lottner and Huergo as Lead Plaintiffs and
18   Robbins Geller Rudman & Dowd LLP as Lead Counsel.  On February 28, 2024,
19   Lead Plaintiffs filed the Amended Complaint for Violations of the Federal Securities
20   Laws (the "Amended Complaint").  The Amended Complaint asserted claims under:
21   (i) §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule
22   10b-5 promulgated thereunder, against Defendants and Angelo John Coloma
23   ("Coloma"); and (ii) §20(a) of the Exchange Act against Defendants, Coloma, David
24   Sin ("Sin"), and SIN Capital Group Pte. Ltd. ("SINCap").

25       Lead Plaintiffs' claims are based upon alleged material misrepresentations
26   concerning the operations and financial prospects of Rockley Photonics Holdings
27   Limited ("Rockley" or the "Company").  Specifically, the Amended Complaint
28   alleges that Defendants made materially false and misleading misrepresentations

concerning: (i) Rockley's revenue projections; (ii) the commercialization and development status of its products; (iii) its relationships with key customers, including, but not limited to, Apple and Samsung; (iv) the Company's joint venture with Jiangsu Hengtong Optic-Electric Co., Ltd.; (v) the Company's non-recurring engineering revenues; and (vi) the Company's ability to fund ongoing operations.

Defendants moved to dismiss the Amended Complaint on March 20, 2024, and Coloma moved to dismiss the Amended Complaint on August 26, 2024. The Court heard oral argument on the motions to dismiss filed by Defendants and Coloma on December 16, 2024.

On March 31, 2025, the Court issued an order denying in part and granting in part Defendants' motion to dismiss and dismissing all claims asserted against Coloma. Specifically, the Court denied Defendants' motion as to all claims concerning Defendants' "materially false or misleading statements made about Rockley's product development and commercialization." The claims against Sin and SINCap were voluntarily dismissed on April 11, 2025, following unsuccessful efforts to serve those parties through the Hague Convention.

Following the Court's order on Defendants' motion to dismiss, the Settling Parties engaged in extensive document discovery. Lead Plaintiffs served 78 requests for production of documents on Defendants, as well as 13 document subpoenas on relevant non-parties. In response to Lead Plaintiffs' document requests and subpoenas, Defendants and the subpoenaed non-parties produced approximately 62,000 documents totaling more than 262,000 pages, which were thoroughly reviewed and analyzed by Lead Plaintiffs. Lead Plaintiffs also produced 231 documents totaling nearly 1,500 pages in response to Defendants' 32 requests for production. In addition, the Settling Parties participated in numerous meet and confer discussions regarding various discovery-related matters, and Lead Plaintiffs did the same with the subpoenaed non-parties.

4904-0528-1412.v6

Lead Plaintiffs filed their motion for class certification on August 29, 2025. In support of the motion, Lead Plaintiffs submitted a 21-page memorandum, declarations on behalf of both Lead Plaintiffs, and a 117-page report prepared by Lead Plaintiffs' finance expert. Defendants' opposition to Lead Plaintiffs' motion for class certification was due to be filed on October 28, 2025, but the Settling Parties stipulated to stay the remainder of the class certification briefing, along with certain ongoing discovery efforts, to engage in mediation.

On November 6, 2025, the Settling Parties participated in a formal, full-day, in-person mediation with David Murphy of Phillips ADR Enterprises. The mediation session involved the Settling Parties' submission of confidential opening and reply mediation statements, which were accompanied by a combined total of 48 exhibits. At the conclusion of the November 6, 2025 mediation session, Mr. Murphy made a mediator's recommendation to settle the case for $10 million, which the Settling Parties mutually accepted on November 11, 2025. This agreement-in-principle contemplated full releases of liability in return for a cash payment of $10 million for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. This Stipulation (together with the Exhibits hereto) reflects the Settling Parties' final and binding agreement, and a compromise of all matters that were, are or could have been in dispute between the Settling Parties.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiffs and the Class in the Litigation. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants deny that they made any materially false or misleading statement concerning SC Health, private Rockley Photonics, Inc.,

Rockley, or any of Rockley's subsidiaries.  Defendants have denied and continue to deny that Lead Plaintiffs or the Class have suffered any damage, that the price of publicly traded warrants or Class A ordinary shares of SC Health, ordinary shares of Rockley, or publicly traded Rockley warrants were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that Lead Plaintiffs or the Class were harmed by the conduct alleged, or that could have been alleged, in the Litigation.  Defendants believe that the Litigation is without merit and the evidence developed to date supports their position that they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws.  Defendants also believe that their public statements during the Class Period contained no material misstatements or omissions.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Nonetheless, Defendants have taken into account the expense, uncertainty, and risks inherent in any litigation, especially in complex cases such as this Litigation, and have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, Lead Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and potential appeals.  Lead Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as recent changes in the law and the difficulties and delays inherent in such litigation.  Lead Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to

the securities law violations asserted in the Litigation.  Lead Plaintiffs and their counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class.  Based on their evaluation, Lead Plaintiffs and their counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and the Class) and Defendants, by and through their attorneys of record, that, subject to the approval of the Court, the Litigation, the Released Plaintiffs' Claims, and the Released Defendants' Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member who submits a Claim for payment that is approved for payment from the Net Settlement Fund pursuant to the terms of this Stipulation and the Court-approved Plan of Allocation.

1.2    "Claim" means a paper claim submitted on a Proof of Claim and Release or an electronic claim that is submitted to the Claims Administrator.

1.3    "Claimant" means a person or entity who or which submits a Claim seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.4    "Claim Form" or "Proof of Claim and Release" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in the distribution of the Net Settlement Fund.

4904-0528-1412.v6

1.5    "Claims Administrator" means the firm retained by Lead Plaintiffs and Lead Counsel, subject to approval of the Court, to administer the Settlement, including providing all notices approved by the Court to Class Members, and processing Claims.

1.6    "Class" means all persons or entities that, between August 11, 2021 and January 23, 2023, inclusive (the "Class Period"), purchased or otherwise acquired Rockley common stock, and were harmed thereby.  Excluded from the Class are: (i) Defendants; (ii) the former officers and directors of Rockley, Rockley Photonics Limited, SINCap, SC Health Corporation, SC Health Holdings Limited, and SC Health Group Limited; (iii) any persons or entities that automatically acquired Rockley common stock in exchange for securities of Rockley Photonics Limited in connection with the Merger (with such exclusion limited to their Rockley common stock exchanged for securities of Rockley Photonics Limited, and not Rockley common stock purchased or otherwise acquired during the Class Period); (iv) the immediate family members of any of the foregoing; (v) the legal representatives, heirs, successors, or assigns of any of the foregoing; (vi) any entity in which any of the foregoing have or had a controlling interest; and (vii) any Persons who properly exclude themselves by submitting a valid and timely request for exclusion.

1.7    "Class Member(s)" or "Member(s) of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.6 above.

1.8    "Class Period" means the period from August 11, 2021 through January 23, 2023, inclusive.

1.9    "Defendants" means Andrew Rickman, Mahesh Karanth, and Richard Meier.

1.10    "Defendants' Counsel" means Pillsbury Winthrop Shaw Pittman LLP.

1.11    "Effective Date," means the date upon which the Settlement shall have become effective, as set forth in ¶7.1 of this Stipulation.

1.12    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP.

4904-0528-1412.v6

1.13  "Fee and Expense Application" means Lead Counsel's application or applications for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

1.14  "Fee and Expense Award" means the award of attorneys' fees and expenses to Plaintiffs' Counsel from the Settlement Fund.

1.15  "Final" means, with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto or any other order of the Court, when the last of the following shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment or order under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the time in which to appeal the Judgment or order have passed without any appeal having been taken; or (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement; however, any appeal which concerns only the issue of Lead Counsel's attorneys' fees and expenses, payments to Lead Plaintiffs for their time and expenses, the Plan of Allocation, as hereinafter defined, or the procedures for determining Authorized Claimants' Recognized Claims shall not in any way delay or preclude the Judgment from becoming Final.

4904-0528-1412.v6

1       1.16  "Judgment" means the Final Judgment and Order of Dismissal with

2   Prejudice to be rendered by the Court, substantially in the form attached hereto as

3   Exhibit B.

4       1.17  "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

5       1.18  "Lead Plaintiffs" mean Jonathan Lottner, individually and as owner of

6   Munsel Limited and indirect beneficial owner of Cosmos Investments Assets

7   Limited, and Federico Huergo, individually and as owner of Lensis Group Limited

8   and Zenalia Investment Corp. and as director of Fitz Investment Limited.

9       1.19  "Litigation" means the action captioned *Grossman v. Sin, et al.*, Case

10  No. 2:23-cv-09501-MRA-MAA (C.D. Cal.).

11      1.20  "Merger" means the business combination of SC Health and Rockley

12  pursuant to which SC Health would ultimately become a Rockley subsidiary, and

13  Rockley would become a publicly traded company.

14      1.21  "Net Settlement Fund" means the Settlement Fund less any attorneys'

15  fees, expenses, and interest and any award to Lead Plaintiffs provided for herein or

16  approved by the Court and less Notice and Administration Expenses, Taxes and Tax

17  Expenses, and other fees and expenses authorized by the Court.

18      1.22  "Notice" means the Notice of Pendency and Proposed Settlement of

19  Class Action, substantially in the form attached hereto as Exhibit A-1, which is to

20  be posted on the Settlement website.

21      1.23  "Notice and Administration Expenses" means all costs, fees, and

22  expenses incurred in connection with providing notice to the Class and the

23  administration of the Settlement, including, but not limited to: (i) providing notice

24  by mail, publication, and other means to Class Members; (ii) serving notice if

25  required under the Class Action Fairness Act of 2005 ("CAFA"); (iii) receiving and

26  reviewing Claims; (iv) applying the Plan of Allocation; (v) communicating with

27  Persons regarding the Settlement and claims administration process; (vi) distributing

28

4904-0528-1412.v6

the proceeds of the Settlement; and (vii) fees related to the Escrow Account and investment of the Settlement Fund.

1.24 "Person" means an individual, corporation (including all divisions and subsidiaries), general partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their heirs, predecessors, successors, representatives, or assignees.

1.25 "Plaintiffs' Counsel" means any legal counsel who represented any plaintiffs in the Litigation.

1.26 "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

1.27 "Postcard Notice" means the proposed Postcard Notice, substantially in the form attached hereto as Exhibit A-4, which is to be emailed or mailed to potential Class Members.

1.28 "Preliminary Approval Order" means the proposed order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, preliminary certification of the Class, and approval for the emailing and mailing of the Postcard Notice, publication of the Summary Notice, and the posting of the Notice and Proof of Claim and Release on the Settlement website, substantially in the forms of Exhibits A-1 through A-4 attached hereto.

1.29 "Released Defendant Party" or "Released Defendant Parties" means Defendants, members of their immediate family, and each of their respective past, present, or future subsidiaries, parents, affiliates, attorneys, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, accountants or

- 9 -

auditors, commercial bank lenders, financial or investment advisors, consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, in their capacity as such, and any entity in which Defendants have a controlling interest.

1.30 "Released Defendants' Claims" means any and all actions, suits, claims, demands, rights, liabilities, obligations, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters and issues whatsoever, whether known or unknown, asserted or unasserted, whether arising under federal, state, local, statutory, common, foreign or administrative law, or any other law, rule or regulation, whether fixed or contingent, at law or in equity, whether class or individual in nature, that any Released Defendant Party could have asserted against any of the Releasing Plaintiff Parties that arise out of or relate in any way to the initiation, prosecution, or settlement of the Litigation or the Released Defendants' Claims. "Released Defendants' Claims" includes "Unknown Claims" as defined in ¶1.41 hereof. "Released Defendants' Claims" does not include any claims relating to the enforcement of the Settlement.

1.31 "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other Members of the Class asserted or could have asserted in any forum that arise out of or are based upon (a) the allegations, transactions, facts, matters or occurrences, representations or omissions referred to in the original complaint (ECF No. 1) or the operative complaint (ECF No. 56), and (b) the purchase or acquisition of Rockley common stock during the Class Period. "Released Plaintiffs' Claims" includes "Unknown Claims" as defined in ¶1.41 hereof. "Released Plaintiffs' Claims" does not include any claims relating to the enforcement of the Settlement.

1.32 "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiffs, Lead Counsel, each and every Class Member, and each of their respective

- 10 -

past or present subsidiaries, parents, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, and any related or affiliated entities in their capacity as such. Releasing Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

1.33 "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

1.34 "Settlement Amount" means Ten Million Dollars ($10,000,000) in cash to be paid by wire transfer or check to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.35 "Settlement Fund" means the Settlement Amount plus all interest and income earned thereon.

1.36 "Settlement Hearing" means the hearing to be held by the Court to determine whether the Settlement is fair, reasonable and adequate and should be approved.

1.37 "Settling Parties" means, collectively, Defendants and Lead Plaintiffs on behalf of themselves and the Class.

1.38 "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.39 "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, whether federal, state, or local.

- 11 -

4904-0528-1412.v6

1.40   "Tax Expenses" means, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.10.

1.41   "Unknown Claims" means any and all Released Plaintiffs' Claims which the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims which the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542.  Lead Plaintiffs, any Releasing Plaintiff Party, Defendants, or any Released Defendant Party may hereafter discover facts, legal theories, or authorities in addition to or different from

- 12 -

those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

## 2.    The Settlement

2.1    The obligations incurred pursuant to this Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation with respect to the Releasing Plaintiff Parties and Released Defendant Parties and any and all Released Plaintiffs' Claims and Released Defendants' Claims.

### a.    The Settlement Amount

2.2    In full settlement of the claims asserted in the Litigation against Defendants and in consideration of the releases specified in ¶4 below, all of which the Settling Parties agree are good and valuable consideration, Defendants shall pay or cause to be paid the Settlement Amount by wire transfer or check in accordance

- 13 -

with instructions to be provided by the Escrow Agent.  The Settlement Amount shall be paid within twenty (20) calendar days of entry of an order preliminarily approving the Settlement and receipt by Defendants' Counsel of complete payment instructions, including wire transfer instructions, payment address, and a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number along with a contact with whom this wire transfer information can be orally confirmed.  If the entire Settlement Amount is not timely paid to the Escrow Agent, Lead Counsel may terminate the Settlement but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Agent within seven (7) calendar days after Lead Counsel has provided such written notice by email.  The Escrow Agent shall deposit the Settlement Amount in a segregated escrow account (the "Escrow Account") maintained by the Escrow Agent.

2.3    With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

4904-0528-1412.v6

2.4    Other than the obligation to cause the payment of the Settlement Amount pursuant to ¶2.2, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Class Member pursuant to this Stipulation.

**b.    The Escrow Agent**

2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof or in money funds holding only instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.  The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of Defendants.

2.6    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.7    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

- 15 -

4904-0528-1412.v6

2.8    Before the Effective Date, without further approval from Defendants or further order of the Court, Lead Counsel may expend up to $400,000 from the Settlement Fund to pay Notice and Administration Expenses actually incurred. Additional sums for this purpose before the Effective Date may be paid from the Settlement Fund upon approval of Defendants or further order of the Court.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court.  After the Effective Date, without approval of Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred.  In the event that the Settlement does not become Final, any money paid or incurred for the above purposes, including any related fees, shall not be returned or repaid to Defendants or their insurers.

2.9    It shall be Lead Counsel's responsibility to disseminate the Postcard Notice, Notice, and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

**c.    Taxes**

2.10    (a)    The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this ¶2.10, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur.

- 16 -

4904-0528-1412.v6

(b)    The Settling Parties agree that Lead Counsel shall be the "administrator" of the qualified settlement fund for the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.  Lead Counsel shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.10(a) hereof) shall be consistent with this ¶2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of the Settlement Fund as provided in ¶2.10(c) hereof.

(c)    All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) Tax Expenses, shall be paid out of the Settlement Fund; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval of Defendants, and Lead Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Releasing Plaintiff Parties, the Released Defendant Parties nor their counsel are responsible nor shall they have

- 17 -

any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, their counsel, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.10.

### d. Termination of Settlement

2.11 In the event that the Settlement is not approved or the Settlement is terminated, canceled, or fails to become effective for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein.

### 3. Preliminary Approval Order and Settlement Hearing

3.1 Within fifteen (15) calendar days after execution of the Stipulation, Lead Plaintiffs shall file a motion, seeking entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, certification of the Class for settlement purposes only, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the emailing or mailing of the Postcard Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-4 and A-3, respectively, attached hereto. The Postcard Notice shall direct Class Members to the Settlement website to access the Notice, which shall contain the general terms of the Settlement, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

3.2 Lead Counsel shall request that after notice is given, the Court hold the Settlement Hearing. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and awards to Lead Plaintiffs in connection with their representation of the Class.

**4.    Releases**

4.1    By operation of the Judgment, as of the Effective Date, as defined in ¶1.11 hereof, Lead Plaintiffs and each and every Releasing Plaintiff Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

4.2    The Proof of Claim and Release to be executed by the Class Members shall release all Released Plaintiffs' Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3    By operation of the Judgment, as of the Effective Date, as defined in ¶1.11 hereof, Defendants and each and every Released Defendant Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Releasing Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Releasing Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

**5.    Provision of Notice, Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and

approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Defendants' obligation to provide securities holders records as provided in ¶5.2 below, the Released Defendant Parties and Defendants' Counsel shall have no responsibility for or interest in whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiffs, any other Class Member, or Lead Counsel, in connection with such administration, including, but not limited to, with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

5.2      In accordance with the terms of the Preliminary Approval Order, Lead Counsel shall cause the Claims Administrator to email (and mail where no email is available) the Postcard Notice and Claim Form to those Members of the Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Class, within seven (7) calendar days of entry of an order preliminarily approving the Settlement, Defendants shall provide or cause to be provided to the Claims Administrator in electronic format (at

- 20 -

no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) the names and addresses of Persons who purchased or acquired Rockley common stock during the Class Period, as listed on Rockley's shareholder transfer records, in electronic form, such as Excel.

5.3    The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.4    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses as described in ¶2.8 hereof;

(b)    to pay the Taxes and Tax Expenses as described in ¶2.10 hereof;

(c)    to pay the Fee and Expense Award to Lead Counsel and to award Lead Plaintiffs an amount pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, if and to the extent allowed by the Court; and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5    After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.6    Within ninety (90) calendar days after the emailing (and mailing where no email is available) of the Postcard Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of

- 21 -

1   perjury and supported by such documents as are specified in the Proof of Claim and

2   Release.

3        5.7    The Claims Administrator shall receive Claims and determine first,

4   whether the Claim is a valid Claim, in whole or in part, and second, each Authorized

5   Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized

6   Claimant's Recognized Claim compared to the total Recognized Claims of all

7   Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice

8   attached hereto as Exhibit A-1, or in such other plan of allocation as the Court

9   approves).

10        5.8    Except as otherwise ordered by the Court, all Class Members who fail

11   to timely submit a valid Proof of Claim and Release within such period, or such other

12   period as may be ordered by the Court, or otherwise allowed, shall be forever barred

13   from receiving any payments pursuant to the Stipulation and the Settlement set forth

14   herein, but will in all other respects be subject to and bound by the provisions of the

15   Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the

16   foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept

17   late-submitted Claims for processing by the Claims Administrator so long as the

18   distribution of the Net Settlement Fund to Authorized Claimants is not materially

19   delayed thereby, but will bear no liability for failing to accept such late Claims.

20        5.9    Proofs of Claim and Release that do not meet the submission

21   requirements may be rejected.  Prior to rejection of a Proof of Claim and Release,

22   the Claims Administrator shall communicate with Claimants in order to remedy the

23   curable deficiencies in the Proofs of Claim and Release submitted.  The Claims

24   Administrator, under supervision of Lead Counsel, if necessary, shall notify, in a

25   timely fashion and in writing, all Claimants whose Proofs of Claim and Release it

26   proposes to reject in whole or in part, setting forth the reasons therefore, and shall

27   indicate in such notice that the Claimant whose Claim is to be rejected has the right

28

1    to a review by the Court if the Claimant so desires and complies with the

2    requirements of ¶5.11 below.

3        5.10   If any Claimant whose Claim has been rejected in whole or in part

4    desires to contest such rejection, the Claimant must, within twenty (20) calendar

5    days after the mailing of the notice required in ¶5.10 above, or a shorter period of

6    time if the Claim was untimely, serve upon the Claims Administrator a notice and

7    statement of reasons indicating the Claimant's grounds for contesting the rejection

8    along with any supporting documentation, and requesting a review thereof by the

9    Court.  If a dispute concerning a Claim cannot otherwise be resolved, Lead Counsel

10   shall thereafter present the request for review to the Court.  Defendants shall not take

11   a position on the administrative determinations of the Claims Administrator.

12       5.11   Each Claimant who submits a Proof of Claim and Release shall be

13   deemed to have submitted to the jurisdiction of the Court with respect to the

14   Claimant's Claim, including, but not limited to, all releases provided herein and in

15   the Judgment, and the Claim will be subject to investigation and discovery under the

16   Federal Rules of Civil Procedure, provided that such investigation and discovery

17   shall be limited to that Claimant's status as a Class Member and the validity and

18   amount of the Claimant's Claim.  No discovery shall be allowed on the merits of the

19   Litigation or settlement in connection with the processing of the Claims.   All

20   proceedings with respect to the administration, processing and determination of

21   Claims and the determination of all controversies relating thereto, including disputed

22   questions of law and fact with respect to the validity of Claims, shall be subject to

23   the jurisdiction of the Court, but shall not in any event delay or affect the finality of

24   the Judgment.  All Class Members, other Claimants, and parties to this Settlement

25   expressly waive trial by jury (to the extent any such right may exist) and any right

26   of appeal or review with respect to such determinations.

27       5.12   Payment pursuant to this Stipulation and Plan of Allocation shall be

28   deemed final and conclusive against all Claimants.  All Class Members whose

Claims are not approved shall be barred from participating in a distribution from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Litigation and the releases provided for herein, and shall be banned from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.

5.13 Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation approved by the Court. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to Council of Institutional Investors.

5.14 The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.14 hereof.

5.15 No Person shall have any claim against Lead Plaintiffs, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the

1  Stipulation and the Settlement contained herein, the Plan of Allocation, or further
2  order(s) of the Court.

3      5.16   It is understood and agreed by the Settling Parties that any proposed
4  Plan of Allocation of the Net Settlement Fund, including, but not limited to, any
5  adjustments to an Authorized Claimant's Claim set forth therein, is not a part of the
6  Stipulation and is to be considered by the Court separately from the Court's
7  consideration of the fairness, reasonableness, and adequacy of the Settlement set
8  forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation
9  shall not operate to terminate or cancel the Stipulation or affect the finality of the
10  Court's Judgment approving the Stipulation and the Settlement set forth herein.

11  **6.    Lead Counsel's Attorneys' Fees and Expenses**

12      6.1    Lead Counsel will submit a Fee and Expense Application on behalf of
13  all Plaintiffs' Counsel for: (a) an award of attorneys' fees; plus (b) expenses or
14  charges in connection with prosecuting the Litigation; plus (c) any interest on such
15  attorneys' fees and expenses at the same rate and for the same periods as earned by
16  the Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel
17  reserves the right to make additional applications for fees and expenses incurred.  In
18  addition, Lead Plaintiffs may also submit a request for awards pursuant to 15 U.S.C.
19  §78u-4(a)(4) in connection with their representation of the Class.

20      6.2    Any attorneys' fees and expenses awarded by the Court shall be paid
21  from the Settlement Fund to Lead Counsel immediately upon entry of the Judgment
22  and an Order awarding such attorneys' fees and expenses, notwithstanding the
23  existence of any timely filed objections thereto or to the Settlement, or potential for
24  appeal therefrom, or collateral attack on the awarded fees and expenses, the
25  Settlement, or any part thereof.  Lead Counsel shall allocate any Court-awarded
26  attorneys' fees and expenses among other Plaintiffs' Counsel in a manner in which
27  it in good faith believes reflects the contributions of such counsel to the initiation,
28  prosecution, and resolution of the Litigation.

- 25 -

4904-0528-1412.v6

6.3    In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then: (a) Lead Counsel with respect to the entire Fee and Expense Award, and (b) such of Plaintiffs' Counsel who have received any portion of the Fee and Expense Award shall within fourteen (14) calendar days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.  Each such Plaintiffs' Counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4    The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, or the awards to Lead Plaintiffs, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Plaintiffs or Lead Counsel, nor any appeals of such awards.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶¶7.1-7.9 or otherwise

4904-0528-1412.v6

based on the Court's or any appellate court's ruling with respect to fees and expenses in the Litigation.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. The Released Defendant Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Lead Counsel, Plaintiffs' Counsel, or any other plaintiffs and counsel.

## 7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

7.1    The Effective Date of the Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)    the Settlement Amount has been deposited into the Escrow Account;

(b)    the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(c)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto, following notice to the Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(d)    Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof; and

(e)    the Judgment has become Final, as defined in ¶1.15 hereof.

7.2    This is not a claims made settlement. Upon the Effective Date, the Released Defendant Parties, Defendants' insurers, and/or any other Person funding the Settlement on their behalf, shall have no interest in the Settlement Fund or in the Net Settlement Fund, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims. The Released Defendant Parties shall not be liable for the loss of any portion of the

- 27 -

1 Settlement Fund, nor have any liability, obligation, or responsibility for the payment

2 of Claims, Taxes, legal fees, or any other expenses payable from the Settlement

3 Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Stipulation

4 shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and

5 Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

6      7.3    If prior to the Settlement Hearing, the aggregate number of shares of

7 Rockley common stock purchased or acquired during the Class Period by Persons

8 who would otherwise be Class Members, but who request exclusion from the Class,

9 exceeds the sum specified in a separate supplemental agreement between Lead

10 Plaintiffs and Defendants (the "Supplemental Agreement"), Defendants shall have

11 the discretion to withdraw from or terminate this Stipulation in accordance with the

12 procedures set forth in the Supplemental Agreement.  The Settling Parties agree to

13 maintain the confidentiality of the Supplemental Agreement, which shall not be filed

14 with the Court unless a dispute arises as to its terms, or as otherwise ordered by the

15 Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered

16 by the Court.  If required by the Court, the Supplemental Agreement and/or any of

17 its terms may be disclosed *in camera* to the Court for purposes of approval of the

18 Settlement, but such disclosure shall be carried out to the fullest extent possible in

19 accordance with the practices of the Court so as to preserve the confidentiality of the

20 Supplemental Agreement, particularly the threshold aggregate number of shares.

21      7.4    Defendants and Lead Plaintiffs shall each have the right to terminate

22 the Settlement and this Stipulation by providing written notice of their election to do

23 so to all other counsel of the Settling Parties within thirty (30) business days of:

24      (a)    the Court's final non-appealable refusal to enter the Preliminary

25 Approval Order or any material part of it;

26      (b)    the Settlement Amount not being timely funded when Lead

27 Counsel has complied with ¶2.2 hereof;

28

- 28 -

(c)    the Court's final non-appealable refusal to approve this Stipulation or any material part of it;

(d)    the Court's final non-appealable refusal to enter the proposed Judgment or any material part of it; or

(e)    the Judgment being modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.

For the avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or awards to Lead Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.5    Unless otherwise ordered by the Court, in the event the Settlement is not approved or the Settlement is terminated, canceled, or fails to become effective for any reason, within ten (10) business days after joint written notification of such event is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.8 and 2.10 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.8 and 2.10 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' Counsel. In the event that the funds received by Lead Counsel, consistent with ¶6.2 above, have not been refunded to the Settlement Fund within thirty (30) business days, those funds shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' Counsel immediately upon their deposit into the Escrow Account consistent with ¶6.3 above.

4904-0528-1412.v6

7.6     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of November 6, 2025.  In such event, the terms and provisions of the Stipulation and any aspect of the discussions or negotiations leading to this Stipulation, with the exception of ¶¶2.8, 2.10, 2.11, 6.3, 7.5-7.7, 8.4, and 8.6 hereof, shall not be admissible in this Litigation and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.7     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.8 or 2.10.  In addition, any expenses already incurred pursuant to ¶¶2.8 or 2.10 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.11 and 7.5 hereof.

7.8     Defendants warrant as to themselves that, as to the payments made by or on behalf of them, at the time of such payment that Defendants made or caused to be made pursuant to ¶2.2 hereof, they were not insolvent, nor will the payment required to be made by or on behalf of them render any Defendant insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§101 and 547 thereof.  This warranty is made by Defendants and not by Defendants' Counsel.

7.9     If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, and in the event of a

final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any other Defendant, then, at the election of Lead Plaintiffs, the Settlement may be terminated and the releases given and the Judgment entered in favor of Defendants pursuant to the Settlement shall be null and void.  In such instance, the Settling Parties shall be restored to their respective positions in the Litigation as of November 6, 2025.

## 8.    Miscellaneous Provisions

8.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Settling Parties with respect to the Litigation, Released Plaintiffs' Claims, and Released Defendants' Claims. The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  Pursuant to 15 U.S.C. §78u-4(c)(1), the Final Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the maintenance, prosecution, defense, and settlement of the Litigation and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Litigation.  The Settling Parties agree that the Settlement Amount

- 31 -

and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3 The Settling Parties shall, in good faith, endeavor to communicate the terms of the Settlement, if at all, in a manner that is respectful of the fact that no final adjudication of fault was determined by a court or a jury.

8.4 Except as set forth in ¶8.5 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussions, negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiffs and the Class or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, including, but not limited to, the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement

1    or written document approved or made by Defendants, or against or to the prejudice

2    of Lead Plaintiffs or any other Class Members as evidence of any infirmity in the

3    claims of Lead Plaintiffs or the other Class Members;

4           (c)    do not constitute, and shall not be offered or received against or

5    to the prejudice of Defendants, Lead Plaintiffs, any other Class Members, or their

6    respective counsel, as evidence of a presumption, concession, or admission with

7    respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in

8    any way referred to for any other reason against or to the prejudice of any of the

9    Settling Parties, in any other civil, criminal, or administrative action or proceeding,

10   other than such proceedings as may be necessary to effectuate the provisions of this

11   Stipulation;

12          (d)    do not constitute, and shall not be construed as, or offered or

13   received against or to the prejudice of Defendants, Lead Plaintiffs, or any other Class

14   Members, as evidence of a presumption, concession, or admission that the

15   consideration to be given hereunder represents the amount which could be or would

16   have been recovered after trial; and

17          (e)    do not constitute, and shall not be construed as, or offered or

18   received against or to the prejudice of Defendants, Lead Plaintiffs, or any other Class

19   Members, as evidence of a presumption, concession, or admission that any of their

20   claims are without merit or infirm or that damages recoverable under the Amended

21   Complaint would not have exceeded the Settlement Amount.

22         8.5    Defendants or any other Released Defendant Party may file this

23   Stipulation and/or the Judgment in any action that may be brought against it in order

24   to support a defense or counterclaim based on principles of *res judicata*, collateral

25   estoppel, release, statute of limitations, statute of repose, good-faith settlement,

26   judgment bar or reduction, or any theory of claim preclusion or issue preclusion or

27   similar defense or counterclaim, or to effectuate any liability protection granted them

28   under any applicable insurance policy.  The Settling Parties may file this Stipulation

and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

8.6    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.7    All of the Exhibits to the Stipulation, and the Supplemental Agreement, are material and integral parts hereof and are fully incorporated herein by this reference.

8.8    The Stipulation, along with its Exhibits and the Supplemental Agreement, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.9    The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

8.10    The Stipulation, its Exhibits, and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.11    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

8.12    All counsel and any other person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the

4904-0528-1412.v6

1    Stipulation to effectuate its terms, without requiring additional consent, approval, or

2    authorization of any other Person, board, entity, tribunal, or other regulatory or

3    governmental authority.

4        8.13    The Stipulation may be executed in one or more counterparts.    All

5    executed counterparts and each of them shall be deemed to be one and the same

6    instrument.    A complete set of executed counterparts shall be filed with the Court.

7    Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

8        8.14    This Stipulation shall be binding when signed, but the Settlement shall

9    be effective upon the entry of the Judgment and the payment in full of the Settlement

10    Amount, subject only to the condition that the Effective Date will have occurred.

11        8.15    The Stipulation shall be binding upon, and inure to the benefit of, the

12    successors and assigns of the Settling Parties hereto.

13        8.16    The headings herein are used for the purpose of convenience only and

14    are not meant to have legal effect.

15        8.17    The administration and consummation of the Settlement as embodied

16    in this Stipulation shall be under the authority of the Court, and the Court shall retain

17    jurisdiction for the purpose of entering orders providing for awards of attorneys' fees

18    and any expenses, and implementing and enforcing the terms of this Stipulation.

19        8.18    Pending approval of the Court of the Stipulation and its Exhibits, all

20    proceedings in this Litigation shall be stayed and all Members of the Class shall be

21    barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against

22    any of the Released Defendant Parties.

23        8.19    This Stipulation, its Exhibits, and the Supplemental Agreement shall be

24    considered to have been negotiated, executed and delivered, and to be wholly

25    performed, in the State of California.    The construction, interpretation, operation,

26    effect, and validity of this Stipulation, its Exhibits, the Supplemental Agreement,

27    and all documents necessary to effectuate them, shall be governed by the internal,

28    substantive laws of the State of California without giving effect to that State's

- 35 -

1  choice-of-law principles, except to the extent that federal law requires that federal

2  law govern.

3      8.20  This Stipulation shall not be construed more strictly against one Settling

4  Party than another merely by virtue of the fact that it, or any part of it, may have

5  been prepared by counsel for one of the Settling Parties, it being recognized that it

6  is the result of arm's-length negotiations among the Settling Parties, and all Settling

7  Parties have contributed substantially and materially to the preparation of this

8  Stipulation.

9      8.21  Nothing in the Stipulation, or the negotiations relating thereto, is

10  intended to or shall be deemed to constitute a waiver of any applicable privilege or

11  immunity, including, without limitation, attorney-client privilege, joint defense

12  privilege, or work product protection.

13      8.22  Unless otherwise provided, the Settling Parties may agree to reasonable

14  extensions of time to carry out any of the provisions of this Stipulation without

15  further order of the Court.

16      8.23  Except as otherwise provided herein, each party shall bear its own costs.

17      IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to

18  be executed, by their duly authorized attorneys, dated January 20, 2026.

19                               ROBBINS GELLER RUDMAN
20                                 & DOWD LLP
                                 STEVEN W. PEPICH
21                               THOMAS E. EGLER
                                 NATHAN R. LINDELL
22                               KEVIN S. SCIARANI
23
24                               _____
25                                    NATHAN R. LINDELL
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
stevep@rgrdlaw.com
tome@rgrdlaw.com
nlindell@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

PILLSBURY WINTHROP SHAW
  PITTMAN LLP
BRUCE A. ERICSON
bruce.ericson@pillsburylaw.com

1-20-26

*Bruce A. Ericson*

BRUCE A. ERICSON

Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:  415/983-1000
415/983-1200 (fax)

PILLSBURY WINTHROP SHAW
  PITTMAN LLP
ARI M. BERMAN (*Pro hac vice*)
ari.berman@pillsburylaw.com
31 West 52nd Street
New York, NY 10019-6131
Telephone:  212/858-1000
212/858-1500 (fax)

Attorneys for Defendants

- 37 -

# EXHIBIT A

EXHIBIT A

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

12

| KENNETH S. GROSSMAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 2:23-cv-09501-MRA-MAA |
|---|---|---|
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | [PROPOSED] ORDER |
| vs. | ) ) | PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING |
| DAVID SIN, et al., | ) ) | FOR NOTICE |
| Defendants. | ) ) | |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1       WHEREAS, an action is pending before this Court entitled *Grossman v. Sin,*

2 *et al.*, No. 2:23-cv-09501-MRA-MAA (C.D. Cal.) (the "Litigation");

3       WHEREAS, the parties having made application, pursuant to Federal Rule of

4 Civil Procedure 23(e), for an order preliminarily approving the settlement of this

5 Litigation, in accordance with a Stipulation of Settlement dated January 20, 2026

6 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the

7 terms and conditions for a proposed settlement of the Litigation and for dismissal of

8 the Litigation with prejudice upon the terms and conditions set forth therein; and the

9 Court having read and considered the Stipulation and the Exhibits annexed thereto;

10 and

11       WHEREAS, unless otherwise defined, all terms used herein have the same

12 meanings as set forth in the Stipulation.

13       NOW, THEREFORE, IT IS HEREBY ORDERED:

14       1.    After a preliminary review, the Settlement appears to be fair,

15 reasonable, and adequate.     The Settlement: (a) resulted from arm's-length

16 negotiations overseen by an experienced mediator; and (b) is sufficient to warrant

17 (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement.

18 Accordingly, the Court does hereby preliminarily approve the Stipulation and the

19 Settlement set forth therein, subject to further consideration at the Settlement

20 Hearing described below.

21       2.    A hearing (the "Settlement Hearing") shall be held before this Court on

22 _____, 2026, at _:__ _.m. [a date that is at least 100 calendar days from the

23 date of this Order], at the United States District Court for the Central District of

24 California, Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street,

25 Santa Ana, California, 92701 in Courtroom 9B, 9th Floor, for the following

26 purposes:

27

28

- 1 -

EXHIBIT A

1    (a)    to determine whether the Settlement is fair, reasonable, and

2    adequate, and should be approved by the Court;

3    (b)    to finally determine whether Judgment as provided under the

4    Stipulation should be entered, dismissing the Amended Complaint on the merits and

5    with prejudice, and to determine whether the release by the Class of the Released

6    Defendant Parties, as set forth in the Stipulation, should be ordered, along with a

7    permanent injunction barring efforts to bring any Released Plaintiffs' Claims or

8    Released Defendants' Claims extinguished by the Settlement;

9    (c)    to finally determine whether the proposed Plan of Allocation for

10    the distribution of the Net Settlement Fund is fair and reasonable and should be

11    approved by the Court;

12    (d)    to consider the application of Lead Counsel for an award of

13    attorneys' fees and expenses, and any application for awards to Lead Plaintiffs;

14    (e)    to consider Class Members' objections, if any, to the Settlement,

15    Plan of Allocation, or application for fees and expenses; and

16    (f)    to rule upon such other matters as the Court may deem

17    appropriate.

18    3.    The Court may adjourn the Settlement Hearing without further notice to

19    the Members of the Class, and reserves the right to approve the Settlement with such

20    modifications as may be agreed upon or consented to by the parties and without further

21    notice to the Class where to do so would not impair Class Members' rights in a manner

22    inconsistent with Rule 23 and due process of law.  The Court further reserves the right

23    to enter its Judgment approving the Settlement and dismissing the Amended

24    Complaint, on the merits and with prejudice, regardless of whether it has approved

25    the Plan of Allocation or awarded attorneys' fees and expenses or made awards to

26    Lead Plaintiffs.

27

28

- 2 -

EXHIBIT A

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for the sole purpose of effectuating the Settlement, a Class defined as follows:

> All persons or entities that, between August 11, 2021, and January 23, 2023, inclusive (the "Class Period"), purchased or otherwise acquired Rockley common stock, and were harmed thereby.  Excluded from the Class are: (i) Defendants; (ii) the former officers and directors of Rockley, Rockley Photonics Limited, SINCap, SC Health Corporation, SC Health Holdings Limited, and SC Health Group Limited; (iii) any persons or entities that automatically acquired Rockley common stock in exchange for securities of Rockley Photonics Limited in connection with the Merger (with such exclusion limited to their Rockley common stock exchanged for securities of Rockley Photonics Limited, and not Rockley common stock purchased or otherwise acquired during the Class Period); (iv) the immediate family members of any of the foregoing; (v) the legal representatives, heirs, successors, or assigns of any of the foregoing; (vi) any entity in which any of the foregoing have or had a controlling interest; and (vii) any Persons who properly exclude themselves by submitting a valid and timely request for exclusion.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Jonathan Lottner, individually and as owner of Munsel Limited and indirect beneficial owner of Cosmos Investments Assets Limited, and Federico Huergo, individually and as owner of Lensis Group Limited and Zenalia Investment Corp. and as director of Fitz Investment Limited ("Lead Plaintiffs") are appointed as representatives of the Class, and Lead Counsel Robbins Geller Rudman & Dowd LLP is appointed as Class Counsel for the Class.

6.     With respect to the Class, this Court finds, for purposes of effectuating the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the

- 3 -

1    Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead
2    Plaintiffs and their counsel have fairly and adequately represented and protected the
3    interests of all Class Members; (e) the questions of law and fact common to the Class
4    predominate over any questions affecting only individual members of the Class; and
5    (f) a class action is superior to other available methods for the fair and efficient
6    adjudication of the controversy, considering: (i) the interests of the members of the
7    Class in individually controlling the prosecution of the separate actions; (ii) the
8    extent and nature of any litigation concerning the controversy already commenced
9    by members of the Class; (iii) the desirability or undesirability of concentrating the
10   litigation of these claims in this particular forum; and (iv) the difficulties likely to be
11   encountered in the management of the Litigation.

12       7.    The Court approves, as to form and content, the Notice of Pendency
13   and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and
14   Release form (the "Proof of Claim"), the Summary Notice, and the Postcard Notice
15   annexed hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that the
16   emailing (and mailing where no email is available) and distribution of the Postcard
17   Notice, posting the Notice and Proof of Claim to the Settlement website, and
18   publishing of the Summary Notice, substantially in the manner and form set forth in
19   ¶¶10-11 of this Order, meet the requirements of Federal Rule of Civil Procedure 23
20   and due process, Section 21D of the Securities Exchange Act of 1934, 15 U.S.C.
21   §78u-4(a)(7), as amended by the PSLRA, the rules of this Court, and any other
22   applicable law, and is the best notice practicable under the circumstances and shall
23   constitute due and sufficient notice to all Persons entitled thereto.

24       8.    The firm of Verita Global ("Claims Administrator") is hereby
25   appointed to supervise and administer the notice procedure as well as the processing
26   of Claims as more fully set forth below.

27

28

                                    - 4 -

9.      Defendants shall provide, or cause to be provided, to the Claims Administrator, at no cost to Lead Plaintiffs, the Settlement Fund, Lead Counsel, or the Claims Administrator, within seven (7) calendar days of entry of this Order, the names and addresses of Persons who purchased or acquired Rockley common stock during the period from August 11, 2021 through January 23, 2023, inclusive, as listed on Rockley's shareholder transfer records.  Defendants shall provide this documentation in an electronic searchable form, such as Excel.  In no event shall Defendants or any of the Released Defendant Parties have any responsibility for the administration of the Settlement, and neither Defendants nor any of the Released Defendant Parties shall have any obligation or liability to Lead Plaintiffs, Lead Counsel, or the Class in connection with such administration.

10.      Lead Counsel, through the Claims Administrator, shall commence emailing (and mailing by first-class mail where no email is available) the Postcard Notice substantially in the form annexed hereto, within twenty-one (21) calendar days after the Court signs this Order (the "Notice Date"), or by _____, 2026, to all Class Members who can be identified with reasonable effort, and the Notice and Proof of Claim shall be posted on the Settlement website at www.RockleySecuritiesSettlement.com.

11.      Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.

12.      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13.      Lead Counsel may make non-material edits to the Postcard Notice, Notice, Proof of Claim, and Summary Notice without Court approval.

- 5 -

14.     Nominees who purchased or acquired Rockley common stock for the beneficial ownership of Class Members during the Class Period shall: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses (as defined in the Notice) incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

15.     In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date.  Such deadline may be further extended by Order of the Court.  Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

- 6 -

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of such person's current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such Claim is valid, deficient, or rejected.  For each Claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the Claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

16.     Any Class Member who does not timely submit a valid and timely Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if

- 7 -

1    entered.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but

2    not an obligation) to accept late-submitted Claims for processing by the Claims

3    Administrator so long as distribution of the Settlement Fund to Authorized

4    Claimants is not materially delayed thereby, but will bear no liability for failing to

5    accept such late Claims.

6         17.    Any Member of the Class may enter an appearance in the Litigation, at

7    their own expense, individually or through counsel of their own choice.  If they do

8    not enter an appearance, they will be represented by Lead Counsel.

9         18.    All Class Members shall be bound by all determinations and judgments

10   in this Litigation, whether favorable or unfavorable, unless such persons request to

11   be excluded, or "opt out," from the Class.  A Class Member wishing to be excluded

12   from the Class must submit to the Claims Administrator a request for exclusion

13   ("Request for Exclusion"), by first-class mail, such that it is postmarked no later than

14   twenty-one (21) calendar days prior to the Settlement Hearing, or _____ 2026,

15   to the address listed in the Notice.  A Request for Exclusion must be signed and must

16   legibly state: (a) the name, address, and telephone number of the Person requesting

17   exclusion; (b) the number of shares of Rockley common stock that the Person

18   requesting exclusion purchased, acquired, and/or sold during the Class Period, as

19   well as the dates and prices for each such purchase, acquisition, and sale; and (c) that

20   the Person wishes to be excluded from the Class in *Grossman v. Sin, et al.*, No. 2:23-

21   cv-09501-MRA-MAA (C.D. Cal.).  All Persons who submit valid and timely

22   Requests for Exclusion in the manner set forth in this paragraph shall have no rights

23   under the Stipulation, shall not share in the distribution of the Net Settlement Fund,

24   and shall not be bound by the Stipulation or any Final Judgment.  Unless otherwise

25   ordered by the Court, any Class Member who does not submit a valid and timely

26   written Request for Exclusion as provided by this paragraph shall be bound by the

27   Stipulation.

28

- 8 -

EXHIBIT A

19.     The Claims Administrator or Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion no later than fifteen (15) calendar days prior to the Settlement Hearing.

20.     The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, including awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, only if such comments or objections and any supporting papers are served by hand or sent by first-class mail, and are received at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2026:

**Counsel for Lead Plaintiffs**

Robbins Geller Rudman & Dowd LLP
Theodore J. Pintar
655 West Broadway, Suite 1900
San Diego, CA 92101

**Counsel for Defendants**

Pillsbury Winthrop Shaw Pittman LLP
Bruce A. Ericson
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111

Those comments or objections and any supporting papers must also be filed with the Clerk of the United States District Court for the Central District of California, Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Room 1053, Santa Ana, California 92701, at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2026. Attendance at the Settlement Hearing is not necessary, but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses or awards to Lead Plaintiffs are required to indicate in their written objection whether they intend to appear at the Settlement Hearing. The notice of objection must include documentation establishing the objecting Person's membership in the Class,

- 9 -

including the number of shares of Rockley common stock that the objecting Person: (i) owned as of the opening of trading on August 11, 2021; and (ii) purchased, acquired, and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition, or sale, copies of any papers, briefs, or other documents upon which the objection is based, and the objector's signature, even if represented by counsel. In addition, the objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and state with specificity the grounds for the objection. The objection must also identify all objections, which the objector and his or her attorney has submitted in any other class action settlement. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or awards to Lead Plaintiffs, unless otherwise ordered by the Court. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

21.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiffs for attorneys' fees and expenses or awards to Lead Plaintiffs shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____, 2026. Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing, or _____, 2026.

- 10 -

23.    Neither Defendants nor the Released Defendant Parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.    Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation.

24.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

25.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

26.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any of the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

27.    If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties status *quo ante*.

28.    Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiffs, nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute

- 11 -

1  against any of the Released Defendant Parties, any action or proceeding in any court
2  or tribunal asserting any of the Released Plaintiffs' Claims.

3        29.    Pending further order of the Court, all litigation activity, except that
4  contemplated herein, in the Stipulation, in the Notice, in the Summary Notice, or in
5  the Judgment, is hereby stayed and all hearings, deadlines, and other proceedings in
6  this Litigation, except the Settlement Hearing and any deadlines set forth in this
7  Order, are hereby taken off calendar.

8        30.    The Court retains exclusive jurisdiction over the Litigation to consider
9  all further matters arising out of or connected with the Settlement.

10        31.    The Court's orders entered during this Litigation relating to the
11  confidentiality of information shall survive this Settlement.

12        IT IS SO ORDERED.

13

14  DATED: _____    _____

15                                    HON. MÓNICA RAMÍREZ ALMADANI
                                   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

4915-0301-8622.v6

# EXHIBIT A-1

EXHIBIT A-1

ROBBINS GELLER RUDMAN
  & DOWD LLP
STEVEN W. PEPICH (116086)
THOMAS E. EGLER (189871)
NATHAN R. LINDELL (248668)
KEVIN S. SCIARANI (301411)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
stevep@rgrdlaw.com
tome@rgrdlaw.com
nlindell@rgrdlaw.com
ksciarani@rgrdlaw.com

Lead Counsel for Lead Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH S. GROSSMAN, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) | Case No. 2:23-cv-09501-MRA-MAA |
| Plaintiff, ) ) | CLASS ACTION |
| vs. ) ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| DAVID SIN, et al., ) ) | |
| Defendants. ) ) | |

EXHIBIT A-1

**A Federal Court authorized this Notice. This is not a solicitation from a lawyer.**

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Litigation") if you purchased or otherwise acquired the common stock ("Common Stock") of Rockley Photonics Holdings Limited ("Rockley" or the "Company") between August 11, 2021 and January 23, 2023, inclusive (the "Class Period").[1]**

**NOTICE OF SETTLEMENT:  Please also be advised that Lead Plaintiffs Jonathan Lottner, individually and as owner of Munsel Limited and indirect beneficial owner of Cosmos Investments Assets Limited, and Federico Huergo, individually and as owner of Lensis Group Limited and Zenalia Investment Corp. and director of Fitz Investment Limited ("Lead Plaintiffs"), on behalf of the Class (as defined in ¶1 below), have reached a proposed settlement of the Litigation for a total of $10 million in cash that will resolve all claims in the Litigation (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

1.    **Description of the Litigation and the Class**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against defendants Andrew Rickman, Mahesh Karanth, and Richard Meier (together, "Defendants").   The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"):  All persons or entities that, between August 11, 2021 and January 23, 2023, inclusive (the "Class Period"), purchased or otherwise acquired Rockley Common Stock, and were harmed thereby.   Excluded from the Class are: (i) Defendants; (ii) the former officers and directors of Rockley, Rockley Photonics Limited, SINCap, SC Health Corporation, SC Health Holdings Limited, and SC Health Group Limited; (iii) any persons or entities that automatically acquired Rockley Common Stock in exchange for securities of Rockley Photonics Limited in connection with the Merger (with such exclusion limited to their Rockley Common Stock exchanged for securities of Rockley Photonics Limited, and not Rockley Common Stock purchased or otherwise acquired during the Class Period); (iv) the immediate family members of any of the foregoing; (v) the legal representatives,

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated January 20, 2026 (the "Stipulation"), which is available on the website www.RockleySecuritiesSettlement.com.

- 1 -

heirs, successors, or assigns of any of the foregoing; (vi) any entity in which any of the foregoing have or had a controlling interest; and (vii) any Persons who properly exclude themselves by submitting a valid and timely request for exclusion. Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-888-663-7634.

2. **Statement of Class' Recovery**: Subject to Court approval, and as described more fully in ¶¶44-51 below, Lead Plaintiffs, on behalf of the Class, have agreed to settle all Released Plaintiffs' Claims (as defined in ¶47 below) against Defendants and other Released Defendant Parties (as defined in ¶46 below) in exchange for a settlement payment of $10 million in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Expenses, attorneys' fees and litigation expenses, and an amount to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to Members of the Class. The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3. **Statement of Average Distribution Per Share**: The Settlement Fund consists of the $10 million Settlement Amount plus interest earned. Assuming all estimated potential Class Members elect to participate, the estimated average recovery is $0.11 per damaged share before deduction of Court-approved fees and expenses. Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Proof of Claim and Release forms ("Claim Form" or "Proof of Claim"); when their shares were purchased or acquired and the price at the time of purchase or acquisition; whether the shares were sold, and if so, when they were sold and for how much. In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court, including the cost of notifying Class Members and settlement administration and any attorneys' fees and expenses awarded by the Court to Lead Counsel and any award to Lead Plaintiffs for their representation of the Class.

4. **Statement of the Parties' Position on Damages**: Defendants vigorously deny and have denied all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Lead Plaintiffs and/or the Class, and that Lead Plaintiffs or other Members of the Class suffered any injury. Moreover, the parties

- 2 -

EXHIBIT A-1

do not agree on the amount of recoverable damages if Lead Plaintiffs were to prevail on each of the claims. The issues on which the parties disagree include, but are not limited to, whether: (i) the statements made or facts allegedly omitted were material, false, or misleading; (ii) Defendants are otherwise liable under the securities laws for those statements or omissions; and (iii) all or part of the damages allegedly suffered by Members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.     **Statement of Attorneys' Fees and Expenses Sought**: Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 30% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses (reasonable expenses or charges of Plaintiffs' Counsel in connection with commencing and prosecuting the Litigation), in an amount not to exceed $450,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.037. In addition, each Lead Plaintiff intends to request an award not to exceed $8,500 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

6.     **Identification of Attorneys' Representatives**: Lead Plaintiffs and the Class are being represented by Theodore J. Pintar, Esq. of Robbins Geller Rudman & Dowd LLP ("Lead Counsel"), 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com. Further information regarding the Litigation, the Settlement, and this Notice also may be obtained by contacting the Claims Administrator at: *Rockley Securities Settlement*, c/o Verita Global, P.O. Box 301170, Los Angeles, CA 90030-1170; 1-888-663-7634; or by visiting the website for the Settlement, www. RockleySecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Receive no payment pursuant to this Settlement. Remain a Class Member. Give up your rights. |

- 3 -

EXHIBIT A-1

| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN [_____], 2026 | This is the only way to be potentially eligible to receive a payment. |
|---|---|
| EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION THAT IT IS ***POSTMARKED*** NO LATER THAN [_____], 2026 | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever potentially be part of any other lawsuit against Defendants or the other Released Defendant Parties concerning the Released Plaintiffs' Claims. |
| OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS ***RECEIVED*** NO LATER THAN [_____], 2026 | Write to the Court if you have any objection to the fairness of the Settlement, the request for attorneys' fees and expenses, the requested award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, or the proposed Plan of Allocation. |
| GO TO THE HEARING ON [_____], 2026, AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS ***RECEIVED*** NO LATER THAN [_____], 2026 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, the request for attorneys' fees and litigation expenses, or the requested award to Lead Plaintiffs. |

| **WHAT THIS NOTICE CONTAINS** | |
|---|---|
| What Is The Purpose of This Notice? | Page ____ |
| What Is This Case About?  What Has Happened So Far? | Page ____ |
| How Do I Know If I Am Affected By The Settlement? | Page ____ |
| Why Did Lead Plaintiffs Agree To The Settlement? | Page ____ |
| What Might Happen If There Were No Settlement? | Page ____ |
| How Much Will My Payment Be? | Page ____ |
| How Will My Claim Be Calculated? | Page ____ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page ____ |
| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page ____ |

- 4 -

EXHIBIT A-1

| | |
|---|---|
| How Do I Participate In The Settlement? What Do I Need To Do? | Page _____ |
| What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself? | Page _____ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? | Page _____ |
| What If I Bought Shares On Someone Else's Behalf? | Page _____ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page _____ |

## WHAT IS THE PURPOSE OF THIS NOTICE?

7.      You or someone in your family may have purchased or otherwise acquired Rockley Common Stock between August 11, 2021 and January 23, 2023, inclusive.

8.      The Court has directed the issuance of this Notice because you have a right to know about a settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

9.      This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

10.      The initial complaint in the Litigation was filed on November 9, 2023. On February 13, 2024, the Court appointed Lottner and Huergo as Lead Plaintiffs and Robbins Geller Rudman & Dowd LLP as Lead Counsel.  On February 28, 2024, Lead Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws (the "Amended Complaint").  The Amended Complaint asserted claims under: (i) §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, against Defendants and Angelo John Coloma ("Coloma"); and (ii) §20(a) of the Exchange Act against Defendants, Coloma, David Sin ("Sin"), and SIN Capital Group Pte. Ltd. ("SINCap").

- 5 -

EXHIBIT A-1

11.    Lead Plaintiffs' claims are based upon alleged material misrepresentations concerning the operations and financial prospects of Rockley. Specifically, the Amended Complaint alleges that Defendants made materially false and misleading misrepresentations concerning: (i) Rockley's revenue projections; (ii) the commercialization and development status of its products; (iii) its relationships with key customers including but not limited to Apple and Samsung; (iv) the Company's joint venture with Jiangsu Hengtong Optic-Electric Co., Ltd.; (v) the Company's non-recurring engineering revenues; and (vi) the Company's ability to fund ongoing operations.

12.    Defendants moved to dismiss the Amended Complaint on March 20, 2024, and Coloma moved to dismiss the Amended Complaint on August 26, 2024. The Court heard oral argument on the motions to dismiss filed by Defendants and Coloma on December 16, 2024.

13.    On March 31, 2025, the Court issued an order denying in part and granting in part Defendants' motion to dismiss and dismissing all claims asserted against Coloma. Specifically, the Court denied Defendants' motion as to all claims concerning Defendants' "materially false or misleading statements made about Rockley's product development and commercialization."  The claims against Sin and SINCap were voluntarily dismissed on April 11, 2025, following unsuccessful efforts to serve those parties through the Hague Convention.

14.    Following the Court's order on Defendants' motion to dismiss, the Settling Parties engaged in extensive document discovery.  Lead Plaintiffs served 78 requests for production of documents on Defendants, as well as 13 document subpoenas on relevant non-parties.  In response, Defendants and the subpoenaed non-parties produced approximately 62,000 documents totaling more than 262,000 pages, which were thoroughly reviewed and analyzed by Lead Counsel.  Lead Plaintiffs also produced 231 documents totaling nearly 1,500 pages in response to Defendants' 32 requests for production.  In addition, the Settling Parties participated in numerous meet and confer discussions regarding various discovery-related matters, and Lead Plaintiffs did the same with the subpoenaed non-parties.

15.    Lead Plaintiffs filed their motion for class certification on August 29, 2025.  In support of the motion, Lead Plaintiffs submitted a 21-page memorandum, declarations on behalf of both Lead Plaintiffs, and a 117-page report prepared by Lead Plaintiffs' finance expert.  Defendants' opposition to Lead Plaintiffs' motion for class certification was due to be filed on October 28, 2025, but the Settling Parties stipulated to stay the remainder of the class certification briefing, along with certain ongoing discovery efforts, to engage in mediation.

- 6 -

16.     On November 6, 2025, the Settling Parties participated in a formal, full-day, in-person mediation with David Murphy of Phillips ADR Enterprises.  The mediation session involved the Settling Parties' submission of confidential opening and reply mediation statements, which were accompanied by a combined total of 48 exhibits.  At the conclusion of the November 6, 2025 mediation session, Mr. Murphy made a mediator's recommendation to settle the case for $10 million, which the Settling Parties mutually accepted on November 11, 2025.  This agreement-in-principle contemplated full releases of liability in return for a cash payment of $10 million for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  The Stipulation (together with the Exhibits) reflects the Settling Parties' final and binding agreement, and a compromise of all matters that were, are or could have been in dispute between the Settling Parties.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

17.     If you are a Member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all persons and entities who purchased or otherwise acquired Rockley Common Stock during the Class Period, and were harmed thereby.    Excluded from the Class are: (i) Defendants; (ii) the former officers and directors of Rockley, Rockley Photonics Limited, SINCap, SC Health Corporation, SC Health Holdings Limited, and SC Health Group Limited; (iii) any persons or entities that automatically acquired Rockley Common Stock in exchange for securities of Rockley Photonics Limited in connection with the Merger (with such exclusion limited to their Rockley Common Stock exchanged for securities of Rockley Photonics Limited, and not Rockley Common Stock purchased or otherwise acquired during the Class Period); (iv) the immediate family members of any of the foregoing; (v) the legal representatives, heirs, successors, or assigns of any of the foregoing; (vi) any entity in which any of the foregoing have or had a controlling interest; and (vii) any Persons who properly exclude themselves by submitting a valid and timely request for exclusion.  Anyone with questions as to whether or not they are excluded from the Class may call the Claims Administrator toll-free at 1-888-663-7634.

RECEIPT OF THIS NOTICE OR THE POSTCARD NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN, AND SUBMIT A CLAIM FORM AND THE REQUIRED SUPPORTING

- 7 -

EXHIBIT A-1

DOCUMENTATION SET FORTH IN THE CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE AT WWW.ROCKLEYSECURITIESSETTLEMENT.COM, NO LATER THAN [_____], 2026.

## WHY DID LEAD PLAINTIFFS AGREE TO THE SETTLEMENT?

18.    Lead Plaintiffs and Lead Counsel believe that the claims asserted in the action have merit.  Lead Plaintiffs and Lead Counsel recognize, however, that pursuing their claims through trials and appeals would be expensive, lengthy, and may result in a smaller recovery or no recovery at all.

19.    The Settlement provides a substantial and immediate recovery.  Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class.  The Settlement was negotiated by both sides of the Litigation with the assistance of a highly respected mediator.

20.    Defendants have vigorously denied each and all of the claims alleged by Lead Plaintiffs in the Litigation.  Defendants expressly have denied all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants deny that they made any materially false or misleading statement concerning SC Health, private Rockley Photonics, Inc., Rockley or any of Rockley's subsidiaries.  Defendants have denied and continue to deny that Lead Plaintiffs or the Class have suffered any damage, that the price of publicly traded warrants or Class A ordinary shares of SC Health, ordinary shares of Rockley, or publicly traded Rockley warrants were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that Lead Plaintiffs or the Class were harmed by the conduct alleged, or that could have been alleged, in the Litigation.  Although Defendants continue to deny Lead Plaintiffs' allegations, they have concluded that further defense of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

21.    If there were no Settlement, Lead Plaintiffs may fail to establish an essential legal or factual element of the alleged claims.  Then, neither Lead Plaintiffs nor the Class would recover anything from Defendants.  Also, if Defendants successfully proved any of their defenses, the Class may recover substantially less than the amount provided in the Settlement, or nothing at all.

- 8 -

EXHIBIT A-1

| **HOW MUCH WILL MY PAYMENT BE?** |
|---|

22.    Defendants have agreed to cause to be paid Ten Million Dollars ($10,000,000.00) in cash into escrow for the benefit of the Class.  At this time, it is not possible to make any final determination of how much individual Class Members may receive from the Settlement.  Lead Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Claim Forms.  The Plan of Allocation proposed by Lead Plaintiffs is set forth below, and additional information is available on the website created for purposes of this Settlement, www.RockleySecuritiesSettlement.com.

23.    Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiffs, Class Members, the Claims Administrator, Defendants and the other Released Defendant Parties (defined below), or any person or entity designated by Lead Counsel.  All Members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Class Member's Released Plaintiffs' Claims.

24.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Member of the Class.

25.    The Plan of Allocation set forth below is the proposed plan submitted by Lead Plaintiffs and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

26.    Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Central District of California, Western Division, with respect to his, her, or its Claim Form.

27.    Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

EXHIBIT A-1

## PLAN OF ALLOCATION

28.    The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the potential amount of estimated alleged artificial inflation in Rockley Common Stock that, according to Lead Plaintiffs' allegations, was caused by Defendants' alleged false and misleading statements and material omissions.   In calculating the estimated artificial inflation caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered the market and industry adjusted price changes in Rockley Common Stock prices following certain corrective disclosures regarding Rockley and the allegations in the Amended Complaint.

29.    The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.   The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

## HOW WILL MY CLAIM BE CALCULATED?

30.    The Settlement Amount of $10,000,000 together with any interest earned thereon is the "Settlement Fund."  The Settlement Fund, less all Taxes, Tax Expenses, Notice and Administration Expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants").

31.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

32.    In this case, Lead Plaintiffs allege that Defendants made materially false and misleading statements and omissions during the Class Period, which had the effect of artificially inflating the trading price of Rockley Common Stock.  Lead Plaintiffs allege that corrective information allegedly impacted the price of Rockley Common Stock (the "corrective disclosure") on May 12, 2022, November 10, 2022,

- 10 -

and January 25, 2023.  The Plan of Allocation is intended to compensate investors who purchased or otherwise acquired Rockley Common Stock during the Class Period, held through the issuance of at least one corrective disclosure, and have a "Recognized Loss Amount" as described below.[2]

33.    The Plan of Allocation is not a formal damages analysis. The Recognized Loss Amount is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount the Class Member will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.  The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $0.02 per share of Rockley Common Stock.[3]

34.    The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert.  In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the price of Rockley Common Stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions the Court previously found to be actionable.  In calculating the estimated impact allegedly caused by those misrepresentations and omissions, Lead Plaintiffs' damages expert considered the price changes in Rockley Common Stock in reaction to the public disclosures that allegedly corrected the alleged misrepresentations or omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud-related Company-specific information.

---

[2] Any transactions in Rockley Common Stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

[3] "In any private action arising under this [Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with §28(D)(e)(1) of the Securities Exchange Act of 1934, Recognized Loss Amounts for Rockley Common Stock are reduced to an appropriate extent by taking into account the closing prices of Rockley Common Stock during the 90-day look-back period. The last date on which Rockley Common Stock was traded was March 14, 2023, effectively ending the 90-day period. The mean (average) closing price for Rockley Common Stock during the applicable 90-day look-back period was $0.02 per share as shown in Table 2.

- 11 -

35.     In order to have recoverable damages under the federal securities laws, disclosures relating to the alleged misrepresentations and/or omissions must be a cause of the decline in the price of the security.

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

36.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Rockley Common Stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.  A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of their Recognized Loss Amounts.

37.     For each share of Rockley publicly traded common stock purchased or otherwise acquired from August 11, 2021, through January 23, 2023, inclusive, and:

(a)     sold prior to May 12, 2022, the Recognized Loss Amount will be $0.00;

(b)     sold on May 12, 2022, through January 23, 2023, inclusive, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price;

(c)     sold from January 24, 2023, through and including the close of trading on March 14, 2023, the Recognized Loss Amount will be *the least of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between January 24, 2023, and the date of sale as stated in Table 2 below;

(d)     held as of the close of trading on March 14, 2023, the Recognized Loss Amount will be *the lesser of*: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus $0.02, the average closing price for Rockley stock between January 24, 2023 and March 14, 2023   (the   last   entry   in   Table   2   below).

- 12 -

EXHIBIT A-1

1
2

| **ADDITIONAL PROVISIONS** |
|---|

3
4
5
6

38.    For Class Members who made multiple purchases, acquisitions, or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Rockley Common Stock during the Class Period will be matched, in chronological order, against Rockley Common Stock purchased or acquired during the Class Period.

7
8
9
10
11
12
13
14
15

39.    A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Rockley Common Stock described above during the Class Period are subtracted from all losses.  However, the proceeds from sales of Rockley Common Stock that have been matched against Rockley Common Stock held at the beginning of the Class Period will not be used in the calculation of such net loss. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

16
17
18
19
20

40.    If a Claimant suffered an overall market loss with respect to their overall transactions in Rockley Common Stock during the Class Period but that market loss was less than the Claimant's total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a Claimant had a market gain, or suffered a market loss, with respect to a Claimant's overall transactions of Rockley Common Stock during the Class Period, the Claims Administrator will determine

21
22
23
24
25
26
27
28

- 13 -

EXHIBIT A-1

the difference between the Claimant's (i) Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6]

41.    A purchase, acquisition, or sale of Rockley Common Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  All purchase, acquisition, and sale prices shall exclude any fees and commissions.  The receipt or grant by gift, devise, or operation of law of Rockley Common Stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Rockley Common Stock for the calculation of a Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment.  The receipt of Rockley Common Stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or acquisition of Rockley Common Stock.

42.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Rockley Common Stock.  The date of a "short sale" is deemed to be the date of sale of Rockley Common Stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Rockley Common Stock, their earliest Class Period purchases or acquisitions of Rockley Common Stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

43.    Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time from the initial date of distribution of the

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for Rockley Common Stock purchased or otherwise acquired during the Class Period.  For any Claimant that automatically acquired Rockley common stock in exchange for securities of SC Health Corporation in connection with the Merger, the "Total Purchase Amount" is $10.00.

[5] The Claims Administrator will match any sales of Rockley Common Stock from the start of the Class Period through and including the close of trading on January 23, 2023.  The total amount received (excluding commissions and other charges) for the remaining sales of Rockley Common Stock sold from the start of the Class Period through and including the close of trading on January 23, 2023, will be the "Total Sales Proceeds."

[6] The Claims Administrator will ascribe a "Holding Value" equal to $0.04 for each share of Rockley Common Stock purchased or acquired during the Class Period and still held as of the close of trading on January 23, 2023.

- 14 -

Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to Council of Institutional Investors.

**TABLE 1**

**Decline in Inflation Per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | | |
|---|---|---|---|---|
| | 8/11/2021 - 5/11/2022 | 5/12/2022 - 11/9/2022 | 11/10/2022 - 1/23/2023 | Sold on or Retained Beyond 1/24/2023 |
| 8/11/2021 - 5/11/2022 | $0.00 | $0.44 | $0.55 | $0.70 |
| 5/12/2022 - 11/9/2022 | | $0.00 | $0.11 | $0.26 |
| 11/10/2022 - 1/23/2023 | | | $0.00 | $0.15 |
| Purchased on or Beyond 1/24/2023 | | | | $0.00 |

- 15 -

EXHIBIT A-1

1

**TABLE 2**

2

**Rockley Common Stock Average Closing Prices**

3

| Date | Average Closing Price Between January 25, 2023 and Date Shown |
|---|---|
| 1/25/2023 | $0.04 |
| 1/26/2023 | $0.04 |
| 1/27/2023 | $0.04 |
| 1/30/2023 | $0.04 |
| 1/31/2023 | $0.04 |
| 2/1/2023 | $0.04 |
| 2/2/2023 | $0.04 |
| 2/3/2023 | $0.04 |
| 2/6/2023 | $0.04 |
| 2/7/2023 | $0.04 |
| 2/8/2023 | $0.04 |
| 2/9/2023 | $0.04 |
| 2/10/2023 | $0.04 |
| 2/13/2023 | $0.04 |
| 2/14/2023 | $0.03 |
| 2/15/2023 | $0.03 |
| 2/16/2023 | $0.03 |
| 2/17/2023 | $0.03 |
| 2/21/2023 | $0.03 |
| 2/22/2023 | $0.03 |
| 2/23/2023 | $0.03 |
| 2/24/2023 | $0.03 |
| 2/27/2023 | $0.03 |
| 2/28/2023 | $0.03 |
| 3/1/2023 | $0.03 |
| 3/2/2023 | $0.03 |
| 3/3/2023 | $0.03 |
| 3/6/2023 | $0.03 |
| 3/7/2023 | $0.03 |
| 3/8/2023 | $0.03 |
| 3/9/2023 | $0.03 |
| 3/10/2023 | $0.03 |
| 3/13/2023 | $0.03 |
| 3/14/2023 | $0.02 |

- 16 -

EXHIBIT A-1

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |
|---|

44.    If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that Lead Plaintiffs and all other Releasing Plaintiff Parties (as defined in ¶49 below) shall have waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (as defined in ¶47 below), including Unknown Claims (as defined in ¶50 below), against each and every one of the Released Defendant Parties (as defined in ¶46 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund.  Claims to enforce the terms of the Settlement are not released.

45.    Any Plan of Allocation, request for an award of attorneys' fees and expenses, or an award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, will in no way disturb or affect the Judgment and are each considered separate from the Judgment.  Any order or proceeding relating to the Plan of Allocation, any order entered regarding any award of attorneys' fees and expenses or award to Lead Plaintiffs, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Judgment.

46.    "Released Defendant Party" or "Released Defendant Parties" means Defendants, members of their immediate family, and each of their respective past, present, or future subsidiaries, parents, affiliates, attorneys, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, accountants or auditors, commercial bank lenders, financial or investment advisors, consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, in their capacity as such, and any entity in which Defendants have a controlling interest.

47.    "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other Members of the Class asserted or could have asserted in any forum that arise out of or are based upon (a) the allegations, transactions, facts, matters or occurrences,

- 17 -

representations or omissions referred to in the original complaint or the operative complaint, and (b) the purchase or acquisition of Rockley Common Stock during the Class Period. "Released Plaintiffs' Claims" includes "Unknown Claims" as defined in ¶50 below. "Released Plaintiffs' Claims" does not include any claims relating to the enforcement of the Settlement.

48. "Released Defendants' Claims" means any and all actions, suits, claims, demands, rights, liabilities, obligations, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters and issues whatsoever, whether known or unknown, asserted or unasserted, whether arising under federal, state, local, statutory, common, foreign or administrative law, or any other law, rule or regulation, whether fixed or contingent, at law or in equity, whether class or individual in nature, that any Released Defendant Party could have asserted against any of the Releasing Plaintiff Parties that arise out of or relate in any way to the initiation, prosecution, or settlement of the Litigation or the Released Defendants' Claims. "Released Defendants' Claims" includes "Unknown Claims" as defined in ¶50 below. "Released Defendants' Claims" does not include any claims relating to the enforcement of the Settlement.

49. "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiffs, Lead Counsel, each and every Class Member, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, and any related or affiliated entities in their capacity as such. Releasing Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

50. "Unknown Claims" means any and all Released Plaintiffs' Claims which the Releasing Plaintiff Parties do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims which the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Releasing Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each Releasing Plaintiff Party and Released

- 18 -

EXHIBIT A-1

Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542. Lead Plaintiffs, any Releasing Plaintiff Party, Defendants, or any Released Defendant Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

51.    The Judgment also will provide that Defendants and every Released Defendant Party shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Releasing Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Releasing Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

- 19 -

EXHIBIT A-1

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID? |
|---|

52.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been paid for its expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees, on behalf of all Plaintiffs' Counsel, from the Settlement Fund of no more than 30% of the Settlement Amount and for payment of Plaintiffs' Counsel's litigation expenses in an amount not to exceed $450,000, plus interest on both amounts.  In addition, each Lead Plaintiff intends to request an award not to exceed $8,500 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.  The Court will determine the amount of the award of fees and expenses and any awards for the Lead Plaintiffs.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses or awards.

| HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO? |
|---|

53.    If you fall within the definition of the Class as described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement.  You can download a copy of the Claim Form or request that a Claim Form be mailed to you through the website maintained by the Claims Administrator for the Settlement.  The website is www.RockleySecuritiesSettlement.com.  You may also request a Claim Form by calling toll-free 1-888-663-7634.  If you exclude yourself from the Class or do not submit a timely and valid Claim Form with adequate supporting documentation, you will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in, the shares, as they may be needed to document your claim.

54.    As a Class Member, for purposes of the Settlement, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You need not retain your own counsel, but if you choose to do so, your counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys

- 20 -

listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

55.    If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" below.  If you exclude yourself from the Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Defendant Parties (as defined in ¶46 above) with respect to any of the Released Plaintiffs' Claims (as defined in ¶47 above).

56.    If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.  If you exclude yourself from the Class, you are not entitled to submit an objection.

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

57.    Each Class Member will be bound by all determinations and judgments in this lawsuit concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to *Rockley Securities Settlement*, c/o Verita Global, EXCLUSIONS, P.O. Box 5100, Larkspur, CA 94977-5100.  The exclusion request must be ***postmarked*** (or received if no postmark) no later than **_____, 2026**.  Each request for exclusion must state the name, address, and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Class in *Rockley Securities Settlement*, and must be signed by such person.  Such persons or entities requesting exclusion must also provide the following information: the number of shares of Rockley Common Stock that the Person requesting exclusion purchased, acquired, and/or sold from August 11, 2021 through January 23, 2023, inclusive, as well as the dates and prices for each such purchase or acquisition and sale.  The request for exclusion will not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  If you exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert,

- 21 -

including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

58.    Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendant Parties concerning the Released Plaintiffs' Claims.  Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Litigation by a statute of repose.

59.    If you request to be excluded from the Class, you will not receive any benefit provided for in the Stipulation.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

60.    If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing.  You can object to or participate in the Settlement without attending the Settlement Hearing.

61.    The Settlement Hearing will be held on _____, 2026, at _____ _.m., before the Honorable Mónica Ramírez Almadani, at the United States District Court, Central District of California, Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California 92701, in Courtroom 9B, 9th Floor.   The Court may approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the Members of the Class.

62.    Any Class Member who does not timely request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's request for an award of attorneys' fees and litigation expenses, including Lead Plaintiffs' request for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.[7]   You must submit your objection in writing.  You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Central District of California, at the address set forth below on or before _____, 2026.

---

[7]     Lead Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before _____, 2026.

- 22 -

EXHIBIT A-1

You must also serve the papers on Lead Counsel for the Class and counsel for Defendants at the addresses set forth below so that the papers are ***received*** on or before _____, 2026.

| **Court** | **Lead Counsel for the Class** | **Counsel for Defendants** |
|---|---|---|
| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA Clerk of the Court Ronald Reagan Federal Building and U.S. Courthouse 411 W. 4th Street, Room 1053 Santa Ana, CA 92701 | ROBBINS GELLER RUDMAN & DOWD LLP Theodore J. Pintar 655 West Broadway Suite 1900 San Diego, CA 92101 | PILLSBURY WINTHROP SHAW PITTMAN LLP Bruce A. Ericson Four Embarcadero Center, 22nd Floor San Francisco, CA 94111 |

63.     Your objection must document the objecting Person's membership in the Class, including the number of shares of Rockley Common Stock that you (i) owned as of the opening of trading on August 11, 2021, and (ii) purchased, acquired, and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition, or sale.  Your objection must state whether it applies only to you, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection.  Your objection must also identify all objections, which the objector and his or her attorney has submitted in any other class action settlement.  Your objection must include copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and your signature, even if you are represented by counsel.  Documentation establishing your membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  If you object and desire to present evidence at the Settlement Hearing in support of your objection, you must include in your written objection or notice of appearance the identity of any witnesses you may call to testify and any exhibits they intend to introduce into evidence at the hearing.

64.     You may not appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

- 23 -

65.    You need not hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before ____, 2026.

66.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the Settlement website, www.RockleySecuritiesSettlement.com.    If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses and any amount sought by Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

67.    Nominees who purchased or acquired Rockley Common Stock for beneficial owners who are Class Members are directed to: (a) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to mail the Postcard Notice within seven (7) calendar days of receipt of the additional copies of the Postcard Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Postcard Notice, if the nominee elected or elects to do so.    Reasonable out of-pocket expenses actually incurred in

- 24 -

connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  You may also obtain copies of this Notice by calling toll-free 1-866-617-3471, and you may also download it from the Settlement website, www. RockleySecuritiesSettlement.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

68.    This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Litigation is available at www.RockleySecuritiesSettlement.com, including, among other documents, copies of the Stipulation and Claim Form.  All inquiries concerning this Notice or the Claim Form should be directed to:

*Rockley Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301170
Los Angeles, CA  90030-1170
Toll-free number:  1-888-663-7634

**OR**

Theodore J. Pintar
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
settlementinfo@rgrdlaw.com

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____        By Order of the Court
                                  United States District Court
                                  Central District of California

- 25 -

# EXHIBIT A-2

EXHIBIT A-2

1 | ROBBINS GELLER RUDMAN
  |  & DOWD LLP
2 | STEVEN W. PEPICH (116086)
  | THOMAS E. EGLER (189871)
3 | NATHAN R. LINDELL (248668)
  | KEVIN S. SCIARANI (301411)
4 | 655 West Broadway, Suite 1900
  | San Diego, CA  92101
5 | Telephone:  619/231-1058
  | 619/231-7423 (fax)
6 | stevep@rgrdlaw.com
  | tome@rgrdlaw.com
7 | nlindell@rgrdlaw.com
  | ksciarani@rgrdlaw.com
8 |
  | Lead Counsel for Lead Plaintiffs
9 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH S. GROSSMAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:23-cv-09501-MRA-MAA |
| | CLASS ACTION |
| Plaintiff, | PROOF OF CLAIM AND RELEASE |
| vs. | |
| DAVID SIN, et al., | |
| Defendants. | |

EXHIBIT A-2

**I.     GENERAL INSTRUCTIONS**

1.     To recover as a Member of the Class based on your claims in the action entitled *Grossman v. Sin, et al.*, Case No. 2:23-cv-09501-MRA-MAA (C.D. Cal.). (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release.  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE ON OR BEFORE _____, 2026, ADDRESSED AS FOLLOWS:

*Rockley Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301170
Los Angeles, CA  90030-1170

Online submissions:  www.RockleySecuritiesSettlement.com

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.     If you are a Member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

- 1 -

EXHIBIT A-2

## II.    CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired Rockley Photonics Holdings Limited ("Rockley" or the "Company") common stock ("Common Stock") during the period from August 11, 2021, through and including January 23, 2023, and held the Common Stock in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or otherwise acquired Common Stock that was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer, and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Common Stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers and/or acquirers must sign this Proof of Claim and Release. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security (or full taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.

- 2 -

EXHIBIT A-2

1   Such evidence would include, for example, letters testamentary, letters of

2   administration, or a copy of the trust documents.

3         NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large

4   numbers of transactions may request, or may be requested to by the Claims

5   Administrator, to submit information regarding their transactions in electronic files.

6   All such claimants MUST also submit a manually signed paper Proof of Claim and

7   Release form listing all their transactions whether or not they also submit electronic

8   copies.  If you wish to submit your claim electronically, you must contact the Claims

9   Administrator at edata@veritaglobal.com to obtain the required file layout.  No

10  electronic files will be considered to have been properly submitted unless the Claims

11  Administrator issues to the claimant a written acknowledgement of receipt and

12  acceptance of electronically submitted data.

13  **III.   CLAIM FORM**

14        Use Part II of this form entitled "Schedule of Transactions in Rockley

15  Common Stock" to supply all required details of your transaction(s) in Rockley

16  Common Stock.  If you need more space or additional schedules, attach separate

17  sheets giving all of the required information in substantially the same form.  Sign

18  and print or type your name on each additional sheet.

19        On the schedules, provide all of the requested information with respect to ***all***

20  of your purchases or acquisitions and ***all*** of your sales of Rockley Common Stock

21  between August 11, 2021 and March 14, 2023, 2023, inclusive, whether such

22  transactions resulted in a profit or a loss.  You must also provide all of the requested

23  information with respect to the number of shares of Rockley Common Stock you

24  held at the close of trading on August 10, 2021, January 23, 2023, and March 14,

25  2023.  Failure to report all such transactions may result in the rejection of your claim.

26

27

28

EXHIBIT A-2

1    List these transactions separately and in chronological order, by trade date,

2 beginning with the earliest.  You must accurately provide the month, day, and year

3 of each transaction you list.

4    The date of covering a "short sale" is deemed to be the date of purchase of

5 Rockley Common Stock.  The date of a "short sale" is deemed to be the date of sale

6 of Rockley Common Stock.

7    Copies of stockbroker confirmation slips, stockbroker statements, or other

8 documents evidencing your transactions in Rockley Common Stock should be

9 attached to your claim, including documentation for the close of any exchange traded

10 options listed on your claim even if the option was closed outside of the period

11 between August 11, 2021 and January 23, 2023, inclusive.  If any such documents

12 are not in your possession, please obtain a copy or equivalent documents from your

13 broker because these documents are necessary to prove and process your claim.

14 Failure to provide this documentation could delay verification of your claim or result

15 in rejection of your claim.

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

EXHIBIT A-2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

*Grossman v. Sin, et al.,*

Case No. 2:23-cv-09501-MRA-MAA

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:

_____, 2026

<u>Please Type or Print</u>

**Remember to attach copies of stockbroker confirmation slips, stockbroker statements, or other documentation of your transactions in Rockley Common Stock. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.**

PART I:    CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____    _____

City                                                         State or Province

_____    _____

Zip Code or Postal Code                            Country

_____    _____    Individual

Social Security Number (Last 4 digits)
or
Taxpayer Identification Number    _____    Corporation/Other

_____    _____

Area Code            Telephone Number (work)

_____    _____

Area Code            Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 5 -

EXHIBIT A-2

PART II:     SCHEDULE OF TRANSACTIONS IN ROCKLEY COMMON STOCK

A.     Number of shares of Rockley Common Stock held at the close of trading on August 10, 2021: _____.

B.     Purchases or acquisitions of Rockley Common Stock between August 11, 2021 and March 14, 2023, inclusive:[1]

| Trade Date Mo. Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.     Sales of Rockley Common Stock between August 11, 2021 and March 14, 2023, inclusive:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |

---

[1]     Information requested about your purchases of Rockley Common Stock on January 24, 2023 through and including March 14, 2023, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period are not eligible for a recovery because they were made outside of the Class Period.

- 6 -

EXHIBIT A-2

| 3. _____ | 3. _____ | 3. _____ |
| --- | --- | --- |
| | | |

D.      Number of shares of Rockley Common Stock held at the close of trading on January 23, 2023: _____

E.      Number of shares of Rockley Common Stock held at the close of trading on March 14, 2023: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.**

**FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING YOUR CLAIM OR IN THE REJECTION OF YOUR CLAIM.**

**IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim in connection with the purchase or acquisition of Rockley Common Stock and know of no other person having done so on my (our) behalf.

**V.      RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Plaintiffs' Claims each and all of the Released Defendant Parties as provided in paragraph 4.1 of the Stipulation of Settlement.

- 7 -

EXHIBIT A-2

2.      This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Settlement becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Rockley Common Stock between August 11, 2021 and March 14, 2023, inclusive, and the number of shares of Rockley Common Stock held by me (us) at the close of trading on August 11, 2021, January 23, 2023, and March 14, 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____

(Month/Year)

in _____.

(City)                                              (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

- 8 -

EXHIBIT A-2

1.    Please sign the above release and acknowledgment.

2.    Remember to attach copies of supporting documentation.

3.    Do not send originals of stock certificates or other documentation as they will not be returned.

4.    Keep a copy of your Proof of Claim and Release form and all supporting documentation for your records.

5.    If you desire an acknowledgment of receipt of your Proof of Claim and Release form, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send your new address to the address below.

7.    Do not use red pen or highlighter on the Proof of Claim and Release or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR IF MAILED POSTMARKED NO LATER THAN _____, 2026, ADDRESSED AS FOLLOWS:**

*Rockley Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301170
Los Angeles, CA  90030-1170
Online Submissions: www.RockleySecuritiesSettlement.com

- 9 -

# EXHIBIT A-3

EXHIBIT A-3

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  STEVEN W. PEPICH (116086)
   THOMAS E. EGLER (189871)
3  NATHAN R. LINDELL (248668)
   KEVIN S. SCIARANI (301411)
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone:  619/231-1058
   619/231-7423 (fax)
6  stevep@rgrdlaw.com
   tome@rgrdlaw.com
7  nlindell@rgrdlaw.com
   ksciarani@rgrdlaw.com
8
   Lead Counsel for Lead Plaintiffs
9
                    UNITED STATES DISTRICT COURT
10
                  CENTRAL DISTRICT OF CALIFORNIA
11

12
   KENNETH S. GROSSMAN,            )  Case No. 2:23-cv-09501-MRA-MAA
13 Individually and on Behalf of All Others )
   Similarly Situated,             )  CLASS ACTION
14                                 )
                       Plaintiff,  )  SUMMARY NOTICE
15                                 )
           vs.                     )
16                                 )
   DAVID SIN, et al.,              )
17                                 )
                       Defendants. )
18 _____ )

19

20

21

22

23

24

25

26

27

28

EXHIBIT A-3

IF YOU PURCHASED OR ACQUIRED ROCKLEY PHOTONICS HOLDINGS LIMITED ("ROCKLEY") COMMON STOCK FROM AUGUST 11, 2021, THROUGH AND INCLUDING JANUARY 23, 2023 (THE "CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Central District of California, that the above-captioned litigation (the "Litigation") has been certified as a class action and that a Settlement has been proposed for $10,000,000 in cash.  A hearing will be held on _____, 2026, at __:__ _.m., before the Honorable Mónica Ramírez Almadani, at the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California 92701 in Courtroom 9B, 9th Floor, for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (2) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; (3) the application of Lead Counsel for the payment of attorneys' fees and litigation expenses from the Settlement Fund, including interest earned thereon, and an amount for Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, should be approved; and (4) the Court should enter the Final Judgment and Order of Dismissal with Prejudice.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and a copy of the Proof of Claim and

- 1 -

EXHIBIT A-3

1  Release, you may obtain a copy of these documents by contacting the Claims

2  Administrator: *Rockley Securities Settlement*, c/o Verita Global, P.O. Box 301170,

3  Los Angeles, CA  90030-1170, 1-888-663-7634.  You may also obtain copies of the

4  Stipulation of Settlement, Notice, Proof of Claim, and Release at

5  www.RockleySecuritiesSettlement.com.

6          If you are a Class Member, to be eligible to share in the distribution of the Net

7  Settlement Fund, you must submit a Proof of Claim and Release by mail postmarked

8  no later than _____, 2026, or submit it online by that date, establishing that

9  you are entitled to a recovery.  If you do not submit a valid Proof of Claim and

10  Release, you will not share in the distribution of the Net Settlement Fund, but you

11  will still be bound by any judgment entered by the Court in this Litigation (including

12  the releases provided for therein).

13          If you are a Class Member and do not exclude yourself from the Class, you

14  will be bound by any judgment entered by the Court in this Litigation (including the

15  releases provided for therein) whether or not you submit a Proof of Claim and

16  Release.  To exclude yourself from the Class, you must submit a written request for

17  exclusion that is postmarked (or received if no postmark) no later than

18  _____, 2026, in accordance with the instructions set forth in the Notice.  If

19  you request exclusion, you will not recover money pursuant to the Settlement.  Any

20  objection to the proposed Settlement, the Plan of Allocation, or the fee and expense

21  application must be filed with the Court and delivered such that it is ***received*** by each

22  of the following no later than _____, 2026:

23          *Court*:

24          UNITED STATES DISTRICT COURT
         CENTRAL DISTRICT OF CALIFORNIA

25          CLERK OF THE COURT
         Ronald Reagan Federal Building and U.S. Courthouse

26          411 W. 4th Street, Room 1053
         Santa Ana, CA 92701

27

28

- 2 -

EXHIBIT A-3

1    *Lead Counsel*:

2    ROBBINS GELLER RUDMAN
      & DOWD LLP
3    THEODORE J. PINTAR
      655 West Broadway, Suite 1900
4    San Diego, CA 92101
      Telephone: 800/449-4900
5
      *Defendants' Counsel*:
6
      PILLSBURY WINTHROP
7       SHAW PITTMAN LLP
      BRUCE A. ERICSON
8    Four Embarcadero Center,
      22nd Floor
9    San Francisco, CA 94111

10   PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE,

11   DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.

12   If you have any questions about the Settlement, or your eligibility to participate in

13   the Settlement, you may contact Lead Counsel at the address and phone number

14   listed above.

15    DATED: _____          BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
16                                     CENTRAL DISTRICT OF
                                       CALIFORNIA
17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

# EXHIBIT A-4

EXHIBIT A-4

**<u>LEGAL NOTICE</u>**
*Grossman v. Sin, et al.*,
No. 2:23-cv-09501-MRA-MAA (C.D. Cal.)
c/o Verita Global
P.O. Box 301170
Los Angeles, CA  90030-1170

www.RockleySecuritiesSettlement.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read this notice carefully.

4908-1790-9120.v3

EXHIBIT A-4

*Grossman v. Sin, et al.*,
No. 2:23-cv-09501-MRA-MAA (C.D. Cal.)
THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.ROCKLEYSECURITIESSETTLEMENT.COM OR CALL 1-888-663-7634 FOR MORE INFORMATION.

If you purchased or otherwise acquired Rockley Photonics Holdings Limited ("Rockley" or the "Company") common stock between August 11, 2021 and January 23, 2023, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be held on _____, 2026, at _____ ("Settlement Hearing"), before the Honorable Mónica Ramírez Almadani at the United States District Court for the Central District of California, 411 W. 4th Street, Santa Ana, California 92701 in Courtroom 9B, 9th Floor, to determine whether the proposed settlement of the Action against defendants Andrew Rickman, Mahesh Karanth, and Richard Meier ("Defendants") for $10 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 30% of the Settlement Amount, and expenses not to exceed $450,000, plus interest on both amounts, and awards to Lead Plaintiffs, should be granted.

The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the U.S. federal laws, Defendants made material misrepresentations and omissions, with scienter, in connection with the Company's statements with respect to: (i) Rockley's revenue projections; (ii) the commercialization and development status of its products; (iii) its relationships with key customers, including, but not limited to, Apple and Samsung; (iv) the Company's joint venture with Jiangsu Hengtong Optic-Electric Co., Ltd.; (v) the Company's non-recurring engineering revenues; and (vi) the Company's ability to fund ongoing operations. Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiffs in the Action and have denied and continued to deny that they engaged in any wrongdoing whatsoever or that persons who purchased Rockley common stock during the relevant time period suffered any economic losses as a result of any purported wrongdoing by Defendants. For a full description of the Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release form ("Claim Form") by visiting the website: www.RockleySecuritiesSettlement.com ("Website") or you may request copies from the Claims Administrator by: (i) mail: *Rockley Securities Settlement*, c/o Verita Global, P.O. Box 301170, Los Angeles, CA 90030-1170; or (ii) toll-free call: 1-888-663-7634.

EXHIBIT A-4

To qualify for a payment, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____, 2026.  You will be bound by any judgment or order entered in the Action, regardless of whether you submit a Claim Form, unless you exclude yourself from the Class.  If you exclude yourself from the Class, you cannot get money from this Settlement.  If you do not exclude yourself and stay in the Class, you may object to the Settlement, Plan of Allocation, and/or the request for an award of attorneys' fees and expenses and awards to Lead Plaintiffs no later than _____, 2026.  The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Lead Plaintiffs and the Class are represented by Lead Counsel: Theodore J. Pintar, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.  You may, but do not have to, attend the Settlement Hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Website for updates.

# EXHIBIT B

EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

| | |
|---|---|
| KENNETH S. GROSSMAN, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID SIN, et al., )<br>)<br>Defendants. )<br>)<br>_____ ) | Case No. 2:23-cv-09501-MRA-MAA<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

1    This matter came before the Court for hearing pursuant to the Order of this
2 Court, dated _____, on the application of the Settling Parties for approval
3 of the Settlement set forth in the Stipulation of Settlement dated January 20, 2026
4 (the "Stipulation").  Due and adequate notice having been given to the Class as
5 required in the Order, the Court having considered all papers filed and proceedings
6 held herein and otherwise being fully informed in the premises and good cause
7 appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED
8 that:

9    1.    This Judgment incorporates by reference the definitions in the
10 Stipulation, and all terms used herein shall have the same meanings as set forth in
11 the Stipulation, unless otherwise stated herein.

12    2.    This Court has jurisdiction over the subject matter of the Litigation and
13 over all parties to the Litigation, including all Members of the Class.

14    3.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil
15 Procedure, and for purposes of this Settlement only, the Litigation is hereby certified
16 as a class action on behalf of all persons or entities that, between August 11, 2021
17 and January 23, 2023, inclusive (the "Class Period"), purchased or otherwise
18 acquired Rockley common stock, and were harmed thereby.  Excluded from the
19 Class are: (i) Defendants; (ii) the former officers and directors of Rockley, Rockley
20 Photonics Limited, SINCap, SC Health Corporation, SC Health Holdings Limited,
21 and SC Health Group Limited; (iii) any persons or entities that automatically
22 acquired Rockley common stock in exchange for securities of Rockley Photonics
23 Limited in connection with the Merger (with such exclusion limited to their Rockley
24 common stock exchanged for securities of Rockley Photonics Limited, and not
25 Rockley common stock purchased or otherwise acquired during the Class Period);
26 (iv) the immediate family members of any of the foregoing; (v) the legal
27
28

- 1 -

1  representatives, heirs, successors, or assigns of any of the foregoing; and (vi) any

2  entity in which any of the foregoing have or had a controlling interest.

3      4.    Also excluded from the Class is any Person who would otherwise be a

4  Member of the Class but who validly and timely requested exclusion in accordance

5  with the requirements set by the Court, as identified in Exhibit 1 hereto.

6      5.    The Court finds, for the purpose of the Settlement only, that the

7  prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of

8  Civil Procedure have been satisfied in that: (a) the number of Class Members is so

9  numerous that joinder of all members is impracticable; (b) there are questions of law

10  and fact common to the Class; (c) Lead Plaintiffs' claims are typical of the claims of

11  the Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will

12  fairly and adequately represent the interests of the Class; (e) the questions of law and

13  fact common to Members of the Class predominate over any questions affecting only

14  individual Class Members; and (f) a class action is superior to other methods for the

15  fair and efficient adjudication of the Litigation.

16      6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court

17  hereby approves the Settlement set forth in the Stipulation and finds that:

18          (a)    the Stipulation and the Settlement contained therein are, in all

19  respects, fair, reasonable, and adequate;

20          (b)    there was no collusion in connection with the Stipulation;

21          (c)    the Stipulation was the product of informed, arm's-length

22  negotiations among competent, able counsel; and

23          (d)    the record is sufficiently developed and complete to have enabled

24  Lead Plaintiffs and Defendants to have adequately evaluated and considered their

25  positions.

26      7.    Accordingly, the Court directs the Settling Parties to consummate the

27  Settlement pursuant to the Stipulation, as well as the terms and provisions hereof.

28

- 2 -

The Litigation and all claims contained therein are dismissed with prejudice as to Lead Plaintiffs and the other Class Members. Except as to any persons who validly request exclusion and whose names are set out in Exhibit 1 hereto, the Court hereby dismisses with prejudice the Litigation and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims) of the Class as against each and all of the Released Defendant Parties. The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

8.    No Person shall have any claim against Lead Plaintiffs, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

9.    Upon the Effective Date, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not Lead Plaintiffs or such Class Member executes and delivers the Proof of Claim and Release and whether or not Lead Plaintiffs or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

10.    Upon the Effective Date, Defendants and each and every Released Defendant Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Releasing Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of the Stipulation are not released.

- 3 -

EXHIBIT B

11.    Upon the Effective Date, Lead Plaintiffs, all Class Members, and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum, or other forum of any kind any of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

12.    The distribution of the Postcard Notice and Notice of Pendency and Proposed Settlement of Class Action and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. Section 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

13.    Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Any order or

- 4 -

1 proceeding relating to the Plan of Allocation or any order entered regarding any

2 attorneys' fee and expense application, or any appeal from any order relating thereto

3 or reversal or modification thereof, shall not affect or delay the finality of the Final

4 Judgment in this action.

5          14.    This Judgment and the Stipulation, whether or not consummated, and

6 whether or not approved by the Court, and any discussions, negotiations,

7 proceedings, or agreements relating to the Stipulation, the Settlement, and any

8 matters arising in connection with settlement discussions or negotiations,

9 proceedings, or agreements, shall not be offered or received against or to the

10 prejudice of the Settling Parties or their respective counsel, for any purpose other

11 than in an action to enforce the terms hereof, and in particular:

12          (a)    do not constitute, and shall not be offered or received against or

13 to the prejudice of Defendants as evidence of, or construed as, or deemed to be

14 evidence of any presumption, concession, or admission by Defendants with respect

15 to the truth of any allegation by Lead Plaintiffs and the Class or the validity of any

16 claim that has been or could have been asserted in the Litigation or in any litigation,

17 including, but not limited to, the Released Plaintiffs' Claims, or of any liability,

18 damages, negligence, fault, or wrongdoing of Defendants or any person or entity

19 whatsoever;

20          (b)    do not constitute, and shall not be offered or received against or

21 to the prejudice of Defendants as evidence of a presumption, concession, or

22 admission of any fault, misrepresentation, or omission with respect to any statement

23 or written document approved or made by Defendants, or against or to the prejudice

24 of Lead Plaintiffs or any other Class Members as evidence of any infirmity in the

25 claims of Lead Plaintiffs or the other Class Members;

26          (c)    do not constitute, and shall not be offered or received against or

27 to the prejudice of Defendants, Lead Plaintiffs, any other Class Members, or their

28

- 5 -

1  respective counsel, as evidence of a presumption, concession, or admission with

2  respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in

3  any way referred to for any other reason against or to the prejudice of any of the

4  Settling Parties, in any other civil, criminal, or administrative action or proceeding,

5  other than such proceedings as may be necessary to effectuate the provisions of the

6  Stipulation;

7         (d)    do not constitute, and shall not be construed as, or offered or

8  received against or to the prejudice of Defendants, Lead Plaintiffs, or any other Class

9  Members, as evidence of a presumption, concession, or admission that the

10  consideration to be given under the Settlement represents the amount which could

11  be or would have been recovered after trial; and

12         (e)    do not constitute, and shall not be construed as, or offered or

13  received against or to the prejudice of Defendants, Lead Plaintiffs, or any other Class

14  Members, as evidence of a presumption, concession, or admission that any of their

15  claims are without merit or infirm or that damages recoverable under the Amended

16  Complaint would not have exceeded the Settlement Amount.

17       15.    Without affecting the finality of this Judgment in any way, this Court

18  retains continuing jurisdiction over: (a) implementation of the Settlement and any

19  award or distribution of the Settlement Fund, including interest earned thereon;

20  (b) disposition of the Settlement Fund; (c) hearing and determining applications for

21  attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the

22  purpose of construing, enforcing, and administering the Settlement.

23       16.    The Court finds that the Settling Parties and their respective counsel at

24  all times complied with the requirements of Federal Rule of Civil Procedure 11.

25       17.    If the Settlement does not become effective in accordance with the

26  terms of the Stipulation, or the Effective Date does not occur, or the Settlement Fund,

27  or any portion thereof, is returned to Defendants or their insurers, then this Judgment

28

- 6 -

shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.    The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

19.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.    The Court directs immediate entry of this Judgment by the Clerk of the Court.

21.    The Court's orders entered during this Litigation relating to the confidentiality of information shall survive the Settlement.

IT IS SO ORDERED.

DATED: _____        _____

HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE